Robinson, J.
 

 The question here is whether the action is one for malpractice, and therefore subject to the limitation of Section 11225, General Code, and the rule of law announced by this court in the case of
 
 Youngstown Park & Falls Street Ry. Co.
 
 v.
 
 Kessler,
 
 84 Ohio St., 74, 95 N. E., 509, 36 L. R. A. (N. S.), 50, Ann. Cas., 1912B, 933, or whether it is the character of an action for bodily injury contemplated by the limitation of Section 11224-1, General Code.
 

 The plaintiff in error, relying upon the holding of this court in
 
 Railway Co.
 
 v.
 
 Kessler, supra,
 
 assumes that when a railway company employs a physician to render any service for it and for its own purpose, which service such physician in his professional capacity might render to a patient for the patient’s own purpose, its whole duty in the premises is to exercise reasonable care in the selection of such physician ; and that when such physician, as its employe, performs a service for it upon the person of some one else, which service involves the employment of the knowledge and skill peculiar to such profession, there necessarily arises out of such service- between the physician and the person upon whom he performs such service the relationship of physician and patient.
 

 The case of
 
 Railway Co.
 
 v.
 
 Kessler,
 
 supra, arose out of the treatment of Kessler by the company’s physician for an injury received by Kessler in alighting from one of the company’s cars. It was alleged that the treatment was in pursuance of a contract between Kessler and the company, whereby
 
 *122
 
 the company agreed to furnish her medical attention in the treatment of such injury; that such treatment was not the proper treatment, and by reason of such improper treatment she sustained damage.
 

 The purpose of the treatment in that case was to effect a cure of Kessler’s injury. It ,was directly for the benefit of Kessler, and, if for the benefit of the company at all, only indirectly so, in mitigation of the damage it might be required to pay for causing the injury. This court held that such situation created the relationship of physician and patient between Kessler and the company’s physician, and the fact that the company assumed the obligation to compensate the physician for such service did not alter that relation.
 

 In the instant case, the allegations of the amended petition disclose the purpose of the examination was not to treat or cure the defendant in error; that the purpose of the examination was to inform the company of the physical condition of the defendant in error, to enable the company to intelligently determine whether it could safely and profitably continue him as one of its employes; that the examination was for the benefit of the company, as distinguished from an examination for the benefit of the defendant in error.
 

 The examination detailed in the amended petition was not unlike the examination to which the plaintiff in a personal injury case may, by consent of the plaintiff or by an order of the court, submit himself to enable the defendant to determine and prove at the trial the physical condition of such plaintiff.
 

 While the company no doubt selected a physician to make the examination in the instant case because.
 
 *123
 
 by reason of Ms training, he could more accurately furnish it the information it desired, its purpose in selecting the physician was not to treat and cure this employe, but to furnish it information which it required in the furtherance of its own purpose. Under such situation the relationship between the company and the physician was that of master and servant, unqualified by the fact that the servant was at the same time a physician.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.