[Civ. No. 8126. Second Appellate District, Division Two.—November 17, 1933.]

DARMOUR PRODUCTIONS CORPORATION, Appellant, v. HERBERT M. BARUCH CORPORATION et al., Respondents.

George B. Webster for Appellant.

Kidd, Schell & Delamer for Respondents.

ARCHBALD, J., *pro tem.*—Plaintiff's amended complaint alleges that on and prior to August 12, 1930, it was engaged in the production of a certain moving picture and had in its employment and under contract a large number of persons as actors therein, among whom was one Ann Christy; that up to the time mentioned said actress had taken leading parts in said picture and appeared in various scenes and portions thereof already photographed and completed; that plaintiff had expended large sums of money on said production; that said Ann Christy "is of a special and unique type of motion picture actress whose appearance, action and characteristics cannot *easily* be duplicated or represented by any substitute or double whom plaintiff might *easily* employ for the completion of said picture" (italics ours); that on said date said Ann Christy was injured by the negligence of defendants, as specified, by reason whereof she was unable to continue in said employment, and that as a direct result of such injury plaintiff was deprived of her services to its damage in the sum of $20,000. A demurrer on both general and special grounds was interposed to such complaint and was sustained with leave to amend. Plaintiff elected to stand on its amended pleading, and final judgment in favor of defendants was entered, from which this appeal is taken.

Appellant urges that the complaint is not obnoxious to either the general or special demurrers, and that the right of action involved here exists by statute.

Section 49 of the Civil Code provides that "The rights of personal relation forbid . . . 4. Any injury to a servant which affects his ability to serve his master." One of our legislative maxims of jurisprudence provides that "For

every wrong there is a remedy'' (sec. 3523, Civ. Code). ''A servant is one who is employed to render personal service to his employer otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the latter, who is called his master'' (sec. 2009, Civ. Code). The word *servant* in our legal nomenclature has a broad significance and embraces all persons of whatever rank or position who are in the employ and subject to the direction or control of another in any department of labor or business. Indeed, it may in most cases be said to be synonymous with 'employee'.'' (Wood, Master & Servant, sec. 1.) The relation of master and servant has been held to exist between the medical adviser of an accident insurance company and such company (*Tompkins* v. *Pacific Mutual Life Ins. Co.*, 53 W. Va. 479 [44 S. E. 439, 97 Am. St. Rep. 1006, 62 L. R. A. 489]), between a railroad company and a physician employed to conduct a physical examination of an employee of the company (*New York Central Ry. Co.* v. *Wiler*, 124 Ohio St. 118 [177 N. E. 205]), between the general manager of a business and the owner (*Kramer* v. *Wolf Cigar Stores Co.*, 99 Tex. 597 [91 S. W. 775]), and between the superintendent of agencies of a company and such company (*Texas Life Ins. Co.* .v. *Roberts*, 55 Tex. Civ. App. 217 [119 S. W. 926]) ;  ▇  so we have no hesitation in holding not only that such right of action exists in California, but that the relationship of master and servant existed between the injured motion picture actress and plaintiff in the instant case.

Coming back to the complaint, we find that it sufficiently alleges the existence of such relationship between plaintiff and Ann Christy, the injury of said actress through the negligence of defendants, preventing her from continuing in plaintiff's employment, and that as a direct result thereof plaintiff was deprived of her services to its damage in the sum of $20,000. In our opinion those are the ultimate facts required to be alleged to state such a cause of action for the recovery of general damages. The complaint does not allege that all or any of the work done was lost to plaintiff by reason of the accident, and it does in effect allege that a ''double'' could be found for her, though

not "easily". If one could have been easily found no substantial damages could be proved. Any expense necessarily incurred in securing a substitute would seem to be the direct and necessary consequence of the alleged negligence. No loss of profits is alleged, nor do we see how such loss could be alleged under the circumstances shown, as they would seem to be highly speculative.

█ The special demurrer alleged that the complaint was uncertain in that it could not be ascertained therefrom how or in what manner plaintiff was damaged in the sum alleged. The fact that plaintiff was engaged in producing a picture, a part of which had been completed, and had spent large sums of money thereon, would seem to sufficiently inform defendants that it was necessary to find a substitute to prevent great loss. The complaint also alleges that plaintiff had in its employment a large number of actors "under contract". It is not clear just why it is alleged that such actors were under contract. That a large number had been employed on the picture and large sums of money expended, with the other facts alleged, would seem to make any expense necessary to secure a substitute in order to complete the picture a necessary result of the alleged negligence, as we have said. The insertion in the complaint of the words "under contract", in relation to such other employees does in our opinion lend some uncertainty as to what items plaintiff might intend or attempt to prove as general damages. If plaintiff was obliged by such contract to pay salaries to such other employees while securing such substitute, and expects to recover such expense, the complaint should contain averments showing such fact, as such expense would not be a natural consequence of the fact alleged, viz., that such employees were under contract. The contract might provide that the employee was to work on the picture when required by the employer, in which case such a loss would not necessarily follow from the injury under the allegations of the complaint, and yet under the pleading before us defendants might very well be uncertain as to whether or not plaintiff intends to claim such a loss. In our opinion defendants are entitled to have the complaint made certain in its terms as to just what plaintiff expects to show as elements of its damage in this as well as other particulars of uncertainty which the language sug-

gests. The demurrer on the ground of uncertainty was therefore properly sustained.

Judgment affirmed.

Craig, J., concurred.

STEPHENS, P. J., Concurring.—I concur. In concurring with the opinion and in the judgment I am constrained to remark that there should be legislative action limiting the sum possible of recovery in some cases of negligence. Under conditions that gave rise to the common law the recovery by an employer for an injury to a servant through negligence could not have reached a very high figure. Under the prevailing contractual value of specialists and of artists an injury to such an one would not only impose a duty upon the tort-feasor of compensating dependents, but of compensating those interested in the contract. Examples could readily be given. The law of negligence is not generally punitive; and even if it were, an injury to an artist of great ephemeral popularity should not present the possibility of financially wrecking an ordinarily successful citizen. Reasonable protection by insurance in these days of accidents is practicable only against the payment of damages for injuries inflicted upon persons in the ordinary strata of life.