[Sac. No. 6332.   In Bank.   Nov. 15, 1955.]

HARRY SEARS, as Trustee, etc., et al., Appellants, v.
COUNTY OF CALAVERAS et al., Respondents.

Francis T. Cornish for Appellants.

Edmund G. Brown, Attorney General, E. G. Benard and Irving H. Perluss, Assistant Attorneys General, Edward P. Hollingshead, Deputy Attorney General, and Joseph S. Huberty, District Attorney (Calaveras), for Respondents.

SHENK, J.—This is an appeal from a judgment for the defendants following an order sustaining their demurrers without leave to amend.

The main purpose of the action is to have it declared that a deed issued to the State of California for delinquent ad valorem taxes for the fiscal year 1935-1936 is invalid. The real property consists of patented mining claims on four parcels of land and the minerals underlying another parcel.

It is alleged that the Calaveras Central Mining Corporation was the owner of the property on and prior to the first Monday in March, 1935; that on November 20, 1928, the corporation conveyed the property to one K. W. Cannon, as trustee, under a deed of trust recorded on December 4, 1928, for the benefit of one Helen Roesch in order to secure payment of money loaned to the corporation; that by virtue of that instrument Cannon was empowered to sell the property to satisfy the corporation's obligation to Roesch in the event of default, and that on February 9, 1938, the then trustee, Frank A. Trachsler sold the real property and improvements to one John S. DeLancey, who thereupon became the owner thereof and declared himself, prior to August 8, 1940, to hold the property in trust under the terms of a judgment of the Calaveras County Superior Court. The plaintiff Sears derives his title through John S. DeLancey as trustee by substitution effected on September 23, 1944, after the death of DeLancey. The interest of the plaintiff Nevada Investment and Finance Corporation stems from its

purchase, as trustee, of all the placer gold in place in the five parcels of property from Sears on October 10, 1944.

It is further alleged that the assessor of Calaveras County assessed these five parcels of real property separately for the year 1935-1936 and that the total ad valorem taxes levied for that year amounted to $750.50. The taxes were not paid and the property was sold to the state on June 29, 1936. There was no redemption. On July 2, 1943, the collector executed and recorded a deed to the state. It is alleged and therefore an admitted fact that the plaintiffs were in the exclusive and undisputed possession of the property during all of the times involved.

The plaintiffs seek the annulment of the tax deed on the ground that the tax proceedings supporting the right of the county to deed the property to the state and the deed itself were invalid. They assert that the tax levied against the property exceeded the lawful rate levied generally in the county for 1935-1936; that the purchase price for which the property was sold to the state exceeded the legal amount, and that the separate parcels were improperly sold and deeded to the state as a single unit.

The defendants interposed demurrers alleging that the action is barred by the limitations contained in sections 175 and 3521 of the Revenue and Taxation Code. [1] Section 175, enacted in 1945, provides that "All deeds heretofore and hereafter issued to the State of California . . . by reason of delinquency of property taxes or assessments levied by any taxing agency or revenue district, shall be conclusively presumed to be valid unless held to be invalid in an appropriate proceeding in a court of competent jurisdiction to determine the validity of said deed commenced within one year after the execution of said deed, or within one year after the effective date of this section, whichever be later." Section 3521 provides that "A proceeding based on an alleged invalidity or irregularity of any deed to the State for taxes or of any proceedings leading up to the deed can only be commenced within one year after the date of recording of the deed to the State in the county recorder's office or within one year after June 1, 1941, whichever is later." Both of these sections are statutes of limitation. (*People* v. *Chambers*, 37 Cal.2d 552 [233 P.2d 557] ; *McCaslin* v. *Hamblen*, 37 Cal.2d 196 [231 P.2d 1] ; *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015] ; *Sheeter* v. *Lifur*, 113 Cal.App.2d 729 [249 P.2d 336].) The

defendants argue that the action is barred because the plaintiffs filed their complaint in 1948, more than one year after the enactment of section 175 and more than one year after the tax deed was executed and recorded. It is obvious that if these sections are applicable the plaintiffs are precluded from asserting the invalidity of the tax deed in this action. The plaintiffs contend, however, that the sections do not foreclose an owner in exclusive and undisputed possession of the taxed property from attacking the asserted validity of the deed. The contention is based upon implications which they draw from the opinions of this court in *Tannhauser* v. *Adams, supra,* 31 Cal.2d 169, and *McCaslin* v. *Hamblen,* 37 Cal.2d 196 [231 P.2d 1].

The contention that a statute limiting the time for the commencement of an action to set aside a deed to the state for delinquent taxes does not apply to an owner in exclusive and undisputed possession of the property taxed, is largely based on a rule stated to be that a general statute of limitations does not run against such an owner to remove a cloud upon his title. It may be assumed that such is the general rule. (See *Maguire* v. *Hibernia Sav. & Loan Soc.,* 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]; *Newport* v. *Hatton,* 195 Cal. 132 [231 P. 987]; *Secret Valley Land Co.* v. *Perry,* 187 Cal. 420 [202 P. 449]; *San Francisco Unified Sch. Dist.* v. *City & County of San Francisco,* 54 Cal.App.2d 105 [128 P.2d 696]; *Crane* v. *French,* 39 Cal.App.2d 642 [104 P.2d 53]; *Faria* v. *Bettencourt,* 100 Cal.App. 49, 51-52 [279 P. 679].)

But the general rule does not apply as against a special statute of limitation foreclosing the commencement of an action to set aside a deed to the state for delinquent taxes beyond one year from and after the recording of the deed to the state. Here the facts stated as constituting the alleged defects in the deed all occurred prior to the execution and recordation of the deed. None of the alleged defects in the deed was jurisdictional in the sense that the Curative Act of 1943 (Stats., 1943, p. 1993) would not apply; nor is the deed claimed to be void on its face. If the contention of the plaintiffs should prevail the finality of tax proceedings would be thrown into confusion. The validity of tax deeds as against an owner in possession of real property would be placed in suspension for an indefinite period and until at his election he chose to attack it. Without limit of time he could defend against it. There appears to be no reason why

an owner of land, although in exclusive and undisputed possession, should not be required to be alert to protect his rights as against his own delinquency in the payment of taxes. He is charged with notice that if he claims the invalidity of a tax deed to the state or of the proceedings leading up to it he must bring his action for that purpose within the statutory time.

The improper creation of the tax lien and recordation of the deed to the state do more than merely give rise to a permissible cause of action in favor of the land owner. They also start the running of the special statute of limitations applicable to such an owner. If he does not move to protect his rights as against the tax by payment, redemption, or timely and successful attack upon the tax deed or the proceedings leading up to it, he is divested of his title. After the statutory period has run the tax deed transfers the title by operation of law from the owner of the property to the state the same in effect as a voluntary grant.

It is contended by the plaintiffs that this court, at least by implication, has ruled otherwise or recognized a contrary rule in *Tannhauser* v. *Adams, supra,* 31 Cal.2d 169. It was said in that case, at page 176: "Regardless of what may be the law under other circumstances, it appears to us that there is no sound reason why the right of one out of possession to attack a tax title for the defect here relied upon, whether it be considered jurisdictional or otherwise, should not be barred if his action is not instituted within the prescribed statutory period, provided that such period is a reasonable one."

It is not claimed that this court or any court of this state has directly and finally decided that sections 175 and 3521 of the Revenue and Taxation Code do not apply to an owner in possession. Nor is it contended that any case decided in this state directly involved the point. But it is contended that by indirection the courts of the state have approved the rule contended for by the plaintiffs. It is true as stated by them that what was said in the cases in this state on the subject was obiter. The plaintiffs say that "In *McCaslin* v. *Hamblen,* 37 Cal.2d 196 [231 P.2d 1], the dictum in *Tannhauser* v. *Adams* was approved, the court saying: 'Assuming that the rule might have application in a case where the plaintiff is the original tax-delinquent owner in undisturbed possession, it would seem right to conclude that a generalization applicable merely to "owners in possession"

is too broad.' '' (See *Elbert, Ltd.* v. *Gross,* 41 Cal.2d 322 [260 P.2d 35].) Such an expression is not to be taken as the announcement of a rule that an owner in possession of real property is not bound by a valid statute of limitations with reference to tax-delinquent proceedings, the same as an owner not in possession. There is no contention that it is not within the power of the state, through its Legislature, to provide for such statutes of limitations as those now before us. As applied to the facts in this case there can be no question of their validity and proper application. This necessarily includes the proceedings leading up to the issuance of the tax deed, such as the alleged fraudulent and otherwise overvaluation of the land, the excessive tax rate and sale price, and the sale in block instead of in parcels.

It is concluded that the plaintiffs are barred by statute from attacking the tax deed and all proceedings prior to its issuance and recordation. Since the state's title to the property has not been successfully attacked, the plaintiffs' asserted objections to the assessments made after the execution and delivery of the deeds are futile.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied December 14, 1955.