[Civ. No. 26820.   Second Dist., Div. Four.   May 16, 1963.]

KENNETH DELMAR HOWARD et al., Plaintiffs and Appellants, v. STATE OF CALIFORNIA et al., Defendants and Respondents.

Ziskind & Ross, Ralph E. Higgen and Donald Ziskind for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and Irvin Taplin, Jr., Deputy County Counsel, for Defendant and Respondent County of Los Angeles.

BURKE, P. J.—Plaintiffs, husband and wife, failed to pay their real property taxes levied on property at Malibu for a period of several years, longer than the period required for the County of Los Angeles (defendant) and the State of California (state) to acquire title thereto by tax sale and tax deeds. The action here is to quiet title and for declaratory relief, plaintiffs claiming ownership of the property and seeking avoidance of the claimed title of defendant. Having acquired title through operation of law for nonpayment of taxes and thereafter having deeded the property to the county, the

state has filed a disclaimer in the action. A motion for summary judgment was made by defendant, asserting the validity of all proceedings culminating in final tax title in defendant, that the redemption period had lapsed and plaintiffs' causes of action were barred by the statutes of limitations. Such motion was granted and judgment entered thereupon, from which plaintiffs appeal.

By affidavits filed in opposition to the motion for summary judgment, each plaintiff averred under penalty of perjury that each had believed the other had been paying taxes all during the period of delinquency. They were living apart, in New York and Connecticut; personal property tax bills were received by the wife through the mail and paid. "... I was led to believe that the real property taxes were being paid because no notice was ever received that they were delinquent. ..." [Affidavit.] The husband likewise stated, "... I was told that no notices had been sent to me ... because I had not filed a written property statement showing those [the addresses of the property] as my addresses. I had filed such a statement, however."

It would be neither helpful nor necessary to pursue the detailed arguments respecting each of a number of plaintiffs' contentions alleging invalidity of the tax proceedings or that the declarations in opposition to the motion for summary judgment presented triable issues of fact since it is readily apparent that plaintiffs' action is barred by the statutes of limitations.

Plaintiffs purchased the real property in question prior to 1951; taxes were levied thereon for the period from 1951 through 1956, none of which have been paid. Two parcels were involved. Parcel 1 was sold to the state by operation of law on June 30, 1952, for nonpayment, and on July 1, 1957, the five-year period of redemption having expired, Parcel 1 was deeded to the state, and on July 17, 1958, the state deeded the property to defendant county. With respect to Parcel 2, taxes were levied for the years 1952 through 1957; on June 30, 1953, the property was sold to the state for nonpayment; on July 1, 1958, the property was deeded to the state and on November 12, 1959, the state deeded parcel 2 to defendant county.

In 1953 plaintiffs became separated, but they had occupied the property in 1951 and 1952. In 1953 they moved to New York and Connecticut. As stated, they assert that each assumed the other was paying the taxes all during the delin-

quent period. Assuming this to be true, it would not apply for the period while they were living together in 1951 and 1952.

■ This action to quiet title and for declaratory relief was filed by plaintiffs on May 2, 1961, two years and nine months after execution of the deed from the state to the county as to Parcel 1 and one year and six months subsequent to the date of a similar deed regarding Parcel 2.

Section 175 of the Revenue and Taxation Code provides: "All deeds heretofore and hereafter issued to the State of California or to any taxing agency, including taxing agencies which have their own system for the levying and collection of taxes, by reason of delinquency of property taxes or assessments levied by any taxing agency or revenue district, shall be conclusively presumed to be valid unless held to be invalid in an appropriate proceeding in a court of competent jurisdiction to determine the validity of said deed commenced within one year after the execution of said deed, or within one year after the effective date of this section, whichever be later. Such proceedings may be prosecuted within the time limits above specified in the manner and subject to the provisions of Sections 3618 to 3636 of this code."

Section 3521 provides: "A proceeding based on an alleged invalidity or irregularity of any deed to the State for taxes or of any proceedings leading up to the deed can only be commenced within one year after the date of recording of the deed to the State in the county recorder's office or within one year after June 1, 1941, whichever is later.

"Sections 351 to 358, inclusive, of the Code of Civil Procedure do not apply to the time within which a proceeding may be brought under the provisions of this section."

Section 3809 provides: "A proceeding based on alleged invalidity or irregularity of any agreement or deed executed under this article can only be commenced within one year after the execution of the instrument."

The above quoted statutes of limitations are applicable to these proceedings. ■ Plaintiffs seek to raise as an issue in this case the admitted fact that no notice by registered mail was mailed to plaintiffs as required by section 3358 of the Revenue and Taxation Code, which provides: "After the first publication of the notice of the deed to the State of tax-sold property and not less than 21 nor more than 28 days before the date of deeding, when tax-sold property is to be deeded, the tax collector shall send by registered mail to the last

assessee of the tax-sold property at his last known address either a copy of the publication or a printed notice of deeding the property to the State."

Section 3799, Revenue and Taxation Code provides: "The tax collector shall mail a copy of the notice not less than 21 nor more than 28 days prior to the effective date of the agreement, by registered mail to the last assessee of each portion of the property at his last known address."

This apparent issue is the gravamen of this case. However, it may not be considered because plaintiffs have waited to raise it until the statutes of limitations have run against them.

In *Davault* v. *Essig*, 80 Cal.App.2d 970, 972-973 [183 P.2d 39], the court states: "The appellants argue that section 3521 does not apply in such a case as this where the attack is made on jurisdictional or constitutional grounds, raising the point that the original proceedings which led to the sale to the state were entirely invalid. This contention is without merit since section 3521 is not a curative act but is a statute of limitation and repose, providing a reasonable period of limitation. [Citation.] The principles applied in *Mercury-Herald Co.* v. *Moore*, 22 Cal.2d 269 [138 P.2d 673, 147 A.L.R. 1111] are applicable here. If the shortening of the period of redemption, where a reasonable time is allowed in which to act, is not violative of constitutional rights it would seem to be even more clear, under principles which are frequently applied, that a right exists to fix some reasonable limitation upon the time within which a constitutional right may be exercised, by which a limitation is placed on the time within which an action may be commenced to attack the validity of a deed to the state, which deed is given after the five-year period of absolute right of redemption has expired."

In *Sears* v. *County of Calaveras*, 45 Cal.2d 518, 521 [289 P.2d 425] it is stated: "If the contention of the plaintiffs should prevail the finality of tax proceedings would be thrown into confusion. The validity of tax deeds as against an owner in possession of real property would be placed in suspension for an indefinite period and until at his election he chose to attack it. Without limit of time he could defend against it."

██ If timely objection had been made to any purported irregularity in the tax proceedings leading to the county's eventual tax title the court might have entertained such objection, but continued dereliction by plaintiffs has inexorably foreclosed them from relief. There must be a finality to tax

enforcement procedure. There is, in tax cases, the unquestioned tax debt to justify the taking, and, in addition, the taxpayer is permitted at least six years within which to redeem or attack any supposed irregularity in the tax proceedings. Such period is a most reasonable allowance for the cure of the laxity of tax delinquency.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied June 3, 1963, and appellants' petition for a hearing by the Supreme Court was denied July 10, 1963.