[Civ. No. 10455.   Third Dist.   June 28, 1963.]

UNION PAVING COMPANY, Plaintiff and Respondent, v. EAST DEL PASO HEIGHTS, Defendant and Appellant.

Wilke, Fleury & Sapunor and Joe S. Gray for Defendant and Appellant.

Sullivan, Roche, Johnson & Farraher, Theodore A. Kolb, Everett S. Layman and Kenneth S. Carey for Plaintiff and Respondent.

SCHOTTKY, J.—East Del Paso Heights, a corporation, appeals from a summary judgment in favor of Union Paving Company in a quiet title action.

The facts disclose that Union Paving Company filed this action on August 9, 1960, to quiet title to a parcel of real property in Sacramento County. Defendants James Weldon Beaty and his wife, Lois Beaty, filed an answer in which they denied that Union was the owner and in which they alleged that they were the owners of the property, save and except an encumbrance by way of a deed of trust in favor of East Del Paso

Heights, a corporation. The Beatys also in their answer invoked the doctrine of estoppel and then by a cross-complaint asked that their title to the property be quieted.

Union in its answer to the cross-complaint of the Beatys alleged that it had acquired title to the property by a treasurer's deed dated December 5, 1959 (after sale of the property to satisfy a delinquent improvement bond), and further alleged that the Beatys' claims of ownership were barred by the six months' limitation period provided for in section 6571 of the Streets and Highways Code.

East Del Paso Heights also filed an answer and cross-complaint. It denied Union's claim of ownership and alleged it was the beneficiary of a deed of trust executed by the Beatys to secure the payment of sums due under certain promissory notes. As an affirmative defense it alleged that Union should be denied the relief sought because of unclean hands and an estoppel *in pais*. In this regard it was alleged that Union had never been in possession of the property which was worth about $10,000; that the Beatys had been in possession through their tenants; that the total consideration paid by Union for the treasurer's deed was $78.08 (at the time the motion for summary judgment was made this sum was actually $874.08 for the deed and as taxes on the property) ; that Union asserted no claim to the property of which East Del Paso Heights had knowledge until this action was commenced; that no notice had in fact ever been given by Union as required by section 6550 of the Streets and Highways Code (this required in part written notice to the owner of the property) ; and that the affidavit filed by Union in accordance with the requirements of section 6552 of the Streets and Highways Code was false in that no notice had been sent. It was further alleged that East Del Paso Heights had offered to and did tender full restitution to Union but that this offer was rejected.

As an affirmative defense, and by way of cross-complaint, East Del Paso Heights alleged that Union, both negligently and intentionally, failed to give notice, which caused loss to East Del Paso Heights. Damages were sought for the amount of this loss.

Thereafter Union moved for summary judgment. Its affidavits clearly established that a defense to the quiet title action was barred by the provisions of section 6571 of the Streets and Highways Code, which reads:

"Any action, suit or proceeding attacking or contesting the

validity of any deed issued under the provisions of this division, or the validity of the proceedings subsequent to the issuance of the certificate of sale, must be brought within six months after the issuance of the deed, and if the validity of the deed or of the proceedings is not contested within that six months' period, it shall not be thereafter contested or questioned in any action, suit or proceeding.''

The trial court ordered that the cross-complaints and the answers be stricken and summary judgment rendered for plaintiff in each action. A decree quieting title in plaintiff was entered. East Del Paso Heights alone has appealed. (The Treasurer of the County of Sacramento was made a cross-defendant in the cross-complaints, but he is not concerned in this appeal.)

The first question presented is what effect section 6571 has on the action. This section was construed in *Elbert, Ltd.*v. *Gross*, 41 Cal.2d 322 [260 P.2d 35], which case dealt with the effect of a treasurer's deed issued to satisfy a delinquent street assessment where the owner of the land received no notice of the application for the deed. The decision holds that while the owner is entitled to notice he will be cut off from all defenses by the statute of limitations. The court said at pages 328, 329: ''Although, if presented in a timely proceeding Elbert's failure to give notice might have invalidated the deed, Gross is now barred from asserting such defect.''

Section 6571 was held to completely bar the action. The court then went on to hold the statute constitutional and applicable.

The fact that plaintiff may have been in possession of the property does not change the result. In construing similar statutes (Rev. & Tax. Code, §§ 175 and 3521) in *Sears* v. *County of Calaveras,* 45 Cal.2d 518 [289 P.2d 425], the court said at pages 521, 522:

''The contention that a statute limiting the time for the commencement of an action to set aside a deed to the state for delinquent taxes does not apply to an owner in exclusive and undisputed possession of the property taxed, is largely based on a rule stated to be that a general statute of limitations does not run against such an owner to remove a cloud upon his title. It may be assumed that such is the general rule. [Citations.]

''But the general rule does not apply as against a special statute of limitation foreclosing the commencement of an ac-

tion to set aside a deed to the state for delinquent taxes beyond one year from and after the recording of the deed to the state. Here the facts stated as constituting the alleged defects in the deed all occurred prior to the execution and recordation of the deed. None of the alleged defects in the deed was jurisdictional in the sense that the Curative Act of 1943 (Stats. 1943, p. 1993) would not apply; nor is the deed claimed to be void on its face. If the contention of the plaintiffs should prevail the finality of tax proceedings would be thrown into confusion. The validity of tax deeds as against an owner in possession of real property would be placed in suspension for an indefinite period and until at his election he chose to attack it. Without limit of time he could defend against it. There appears to be no reason why an owner of land, although in exclusive and undisputed possession, should not be required to be alert to protect his rights as against his own delinquency in the payment of taxes. He is charged with notice that if he claims the invalidity of a tax deed to the state or of the proceedings leading up to it he must bring his action for that purpose within the statutory time.

"The improper creation of the tax lien and recordation of the deed to the state do more than merely give rise to a permissible cause of action in favor of the land owner. They also start the running of the special statute of limitations applicable to such an owner. If he does not move to protect his rights as against the tax by payment, redemption, or timely and successful attack upon the tax deed or the proceedings leading up to it, he is divested of his title. After the statutory period has run the tax deed transfers the title by operation of law from the owner of the property to the state the same in effect as a voluntary grant."

Appellant acknowledges these rules but relies on an estoppel to defeat the action. While there might be situations where an estoppel to assert the statute would be applicable (it is not necessary to decide this point), no facts are asserted on which an estoppel can be based. The basis of the estoppel is the assertion that no notice of the intent to secure a deed was mailed, served or posted. Statutes such as the one involved here are for the purpose of insuring the validity of tax deeds. (*Sears* v. *County of Calaveras, supra,* 45 Cal.2d 518, 521.) ▮ An owner of land is required to protect his rights as against his own delinquency in the payment of taxes (*Sears* v. *County of Calaveras*), and the same rule should also be

applicable where the deed is based on the foreclosure of an improvement bond.

If an estoppel could be raised when the assertion is made that notice was not given, then the question could be presented in nearly every case where an irregularity occurred. In *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], the attack was also made on the ground that notice as required by the statute was not given. One of the grounds asserted for setting aside the deed was that this was a suit in equity. The court said at page 177: ". . . But we find no tenable basis either in law or in equity upon which plaintiff can avoid the bar of the statute. The statute has been invoked, not by the court, but by defendant under the law of this state." The court concluded that the statute could be used to bar the claim. (See also *Howard* v. *State of California*, 216 Cal.App.2d 281 [30 Cal.Rptr. 708].)

To permit an estoppel based on lack of notice without a showing of some affirmative act or promise by the adverse party would, as a practical matter, nullify the statute of limitations which is at issue in this case. In the following cases the statute of limitations was held to be a bar to the action though no notice was given to the owner of record: *Tannhauser* v. *Adams, supra; Elbert, Ltd.* v. *Gross, supra.*

While summary judgment is a drastic remedy, it must be affirmed unless it can be said that issues of fact are disclosed. It is only if there is an issue of fact to be tried that it is improper to grant such a motion. (*Walsh* v. *Walsh*, 18 Cal.2d 439 [116 P.2d 62].) There can only be a question of fact if the equitable doctrines of equitable estoppel or clean hands or doing equity apply. But to permit any of these doctrines to apply under the facts of this case would impugn the validity of treasurer's deeds. Union is permitted by statute to initiate procedures for the treasurer to sell land when a payment on a bond is delinquent. If the property is not redeemed, the purchaser of the property may require a conveyance of the unredeemed property to him (Sts. & Hy. Code, §§ 6500-6555), and there is a limitation statute which provides that after six months the tax deed shall not be questioned or contested. No facts are asserted which should warrant a court's disregarding the legislative mandate.

East Del Paso Heights claims, however, that the court ignored its cross-complaint based on negligent and intentional interference with economic relations.

■ While it is a violation of a legal right to interfere with contractual relations if there is no sufficient justification or excuse (*Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33 [122 P.2d 631]), the policy seems to be against imposing such liability for negligent interference with contractual relations. The reasons given are the danger of increasing litigation, the extreme penalty imposed thereby upon negligent wrongs, the undue burden on freedom of action, and the difficulty of apportioning damages. (23 Cal.L.Rev. 420, 422-423.) It should be noted we are not concerned with any master and servant relationship. (See for the apparent California rule, *Darmour Productions Corp.* v. *H. M. Baruch Corp.*, 135 Cal.App. 351 [27 P.2d 664].) In *Fifield Manor* v. *Finston*, 54 Cal.2d 632, 636, [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813], the court said:

". . . However, with the exception of an action by the master for tortious injuries to his servant, thus depriving the master of his servant's services, which traces back to medieval English law (Prosser on Torts (2d ed.) pp. 723, 729, 732; see Civ. Code, § 49, subd. (c), codifying this common-law rule; cf. *Earley* v. *Pacific Electric Ry. Co.*, 176 Cal. 79, 82 [167 P. 513, L.R.A. 1918A 997]; *Darmour Productions Corp.* v. *H. M. Baruch Corp.*, 135 Cal.App. 351, 352-353 [27 P.2d 664]), the courts have quite consistently refused to recognize a cause of action based on negligent, as opposed to intentional, conduct which interferes with the performance of a contract between third parties or renders its performance more expensive or burdensome. (Prosser on Torts (2d ed.) pp. 732-733, collecting many of the cases; 1 Harper and James, The Law of Torts, § 6.10, pp. 501-510; Note 23 Cal.L.Rev. p. 420.)"

However, as stated in *Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, 883 [306 P.2d 783], it is settled in California that "one who, without legal justification, intentionally induces a third person not to perform a contract with another, is liable to the other for the ensuing damage." Thus it was error for the trial court to strike the cross-complaint based on intentional interference with contractual relations.

■ It should also be pointed out that appellant's cross-complaint, which it calls one for negligent interference with contractual relations, states a cause of action for negligence.

In one count of the cross-complaint it was alleged that Union had negligently failed to give the required statutory notice to East Del Paso Heights before it applied for a treasurer's

deed. It was also alleged that as a result of this failure its notes were made uncollectible. We believe that the statute was designed to protect not only owners of property but also lienholders. Most forms of trust deeds and mortgages in common use require the owner to give the lienholder notice of any claim of adverse interest. We believe that the Legislature by requiring notice to the owner of the property intended to protect the lienholder. The statutory requirement of notice undoubtedly was designed to secure this notice. If Union had given notice to the Beatys as required by law, we may assume that they in turn would have given notice to East Del Paso Heights.

■ "It is settled that, where a statute is intended to protect the class of persons in which the plaintiff is included against the risk of the type of harm he has sustained, a violation of the statute gives rise to a presumption of negligence which may be rebutted by evidence of justification or excuse. [Citations.]" (*Courtell* v. *McEachen*, 51 Cal.2d 448, 459 [334 P.2d 870].)

■ We conclude that East Del Paso Heights, as holder of a deed of trust, falls within the class of persons protected by section 6550. What we have said is not to be construed as stating definitely those rules and doctrines which may ultimately be held to govern the damage claim of East Del Paso Heights. Nor do we pass on the adequacy of the cross-complaint to stand in the face of a special demurrer. We only hold that the cross-complaint of East Del Paso Heights presented a justiciable claim for damages and that the trial court was in error in granting a motion to strike East Del Paso Height's cross-complaint.

The judgment is affirmed on the quiet title issue. It is reversed and remanded for a trial on the issues raised by the cross-complaint filed by East Del Paso Heights. Appellant to recover its costs on appeal.

Pierce, P. J., and Friedman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 20, 1963.