**SMITH et al., Appellants,**

v.

**KATZMAN et al., Appellees.**

[Cite as *Smith v. Katzman* (1992), 81 Ohio App.3d 682.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62847.

Decided July 6, 1992.

*Christine Guarnieri,* for appellants.

*Stephen J. Charms,* for appellees.

*Per Curiam.*

This appeal was filed, briefed and argued as an accelerated appeal pursuant to Local App.R. 25 of this court.

Birt Smith and his wife Janet Smith, plaintiffs-appellants, timely appeal the trial court's decision granting summary judgment to Richard A. Katzman, M.D., Inc. and Dr. Richard A. Katzman, defendants-appellees (hereinafter "Dr. Katzman") on the grounds that the one-year malpractice statute of limitation barred the action.

The Smiths argue that the trial court should have applied the two-year negligence statute of limitations pursuant to *New York Cent. RR. Co. v. Wiler* (1931), 124 Ohio St. 118, 177 N.E. 205. We agree. Therefore, in compliance with App.R. 11.1, it is the opinion of this court that the trial court erred in not applying R.C. 2305.10. For the reasons set forth below, we reverse and remand.

The facts of this case involved an action for negligence and loss of consortium, wherein the Smiths alleged that Dr. Katzman in his individual and corporate capacity was engaged as an independent contractor of the Social Security Administration for the purpose of performing physical examinations. The Social Security Administration notified Mr. Smith that he was required to submit to an examination by Dr. Katzman as a precondition to receiving Social Security benefits; the examination was conducted on November 3, 1988.

Mr. Smith had a medical history of severe myocardial infarctions and had suffered the last one in June 1987.

During the examination, Dr. Katzman conducted a "Doppler probe" and then ordered Mr. Smith to take a treadmill test. While on the treadmill, Mr. Smith began to suffer another myocardial infarction. After the examination, Dr. Katzman simply sent him home.

The complaint claimed that the stress of the treadmill test was the direct and proximate cause of the myocardial infarction; that Dr. Katzman negligently failed to conduct a proper medical history, negligently failed to consider the results of the Doppler probe and Mr. Smith's medical history, and thus

was negligent when he ordered the treadmill test; and that Dr. Katzman knew or should have known that Mr. Smith was having a cardiac crisis, but negligently failed to take steps to stabilize his condition.

In Count One of the complaint, Mr. Smith sought compensation for medical expenses, pain and suffering; in Count Two of the complaint, Mrs. Smith sought compensation for loss of consortium due to her husband's medical condition.

Dr. Katzman filed an answer and subsequently filed a motion for summary judgment on the grounds that the claim was barred by R.C. 2305.11(B)(1); the motion was supported solely by the allegations in the complaint. The Smiths filed a brief in opposition; Dr. Katzman filed a reply brief; the Smiths filed a response brief to his reply. Thereafter, the trial court granted summary judgment and held that the negligent examination action constituted a "medical claim" within the meaning of R.C. 2305.11 and, therefore, the one-year limitation for malpractice applied.

The Smiths present two assignments of error that this court will address together. They state:

"The trial court erred to the prejudice of appellants when it granted appellees' motion for summary judgment.

"The trial court erred in holding that appellants' cause of action was barred by the one year statute of limitations in O.R.C. 2305.11(B)(1) rather than the two year statute for bodily injury."

The Smiths' two assignments of error are well taken and sustained.

Civ.R. 56, in pertinent part, provides that:

"(B) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may at any time, move with or without supportive affidavits for a summary judgment in his favor as to all or any part thereof. * * *

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

At the outset, it is important to note that Dr. Katzman's motion for summary judgment, pursuant to Civ.R. 56(B), and the Smiths' brief in opposition were not supported by any evidentiary materials pursuant to Civ.R. 56(E). Thus, the only issue before this court is whether as a matter of law the complaint stated a cause of action for general negligence or one for malpractice arising out of a medical claim. Compare R.C. 2305.10 and 2305.11.

R.C. 2305.10, in pertinent part, provides that:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

R.C. 2305.11, in pertinent part, provides that:

"(B)(1) Subject to division (B)(2) of this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the action accrued * * *.

"* * *

"(D) As used in this section:

"* * *

"(3) 'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person."

It is well established that a negligent examination conducted on an employee by an employer's physician and required by the employer is not malpractice for the purpose of the statute of limitations. *New York Cent. RR. Co. v. Wiler* (1931), 124 Ohio St. 118, 177 N.E. 205. See, also, *Pennington v. Timken Co.* (May 31, 1988), Stark App. No. CA–7389, unreported, 1988 WL 59526. This court has also concluded that negligent blood-grouping analysis ordered by juvenile court and conducted by a physician and hospital did not constitute a "medical claim" within the meaning of R.C. 2305.11. See *Price v. Cleveland Clinic Found.* (1986), 33 Ohio App.3d 301, 304, 515 N.E.2d 931, 934–935, citing *Wiler*, 124 Ohio St. at 122–123, 177 N.E. at 206.

In *Wiler*, the Supreme Court of Ohio determined that the requirement that the employee submit to an examination and the purpose of the examination to provide information to the employer are products of the employment relationship and distinguished from the treatment or attempt to cure that creates a

physician-patient relationship. *Id.* at 122–123, 177 N.E.2d at 206. See, also, *Pennington* at 5.

In *Price*, this court considered the requirement that a litigant submit to blood-grouping analysis to assist the court in determining paternity and applied the factors considered in *Wiler* to the definition of a "medical claim" within the meaning of R.C. 2305.11. *Id.* 33 Ohio App.3d at 304, 515 N.E.2d at 934–935. This court found that negligent blood-grouping analysis is not a claim that arises out of the medical diagnoses, care or treatment of any person. *Id.* at 304–305, 515 N.E.2d at 934–936. Blood-grouping analysis, like blood-alcohol tests, forensic pathology tests, X-rays and other tests does not involve "diagnosis, care or treatment" simply because a physician can perform it. *Id.* at 305, 515 N.E.2d at 935.

In the instant case, there are no factual allegations which would suggest that the Doppler probe, the treadmill test, or the entire examination itself involved diagnosis, care or treatment. The fact that Mr. Smith was required to take the examination as a precondition to Social Security benefits and that its purpose was to obtain information for the Social Security Administration is distinguishable from the diagnosis, care or treatment which constitutes a medical claim within the meaning of R.C. 2305.11(D)(3). Therefore, the two-year limitation of actions pursuant to R.C. 2305.10 is applicable to the instant case.

Furthermore, because the complaint *sub judice* was filed within two years of the negligent examination, it is not barred under R.C. 2305.10, and summary judgment was improperly granted.

*Judgment reversed*
*and cause remanded.*

. FRANCIS E. SWEENEY, P.J., SPELLACY and PATRICIA A. BLACKMON, JJ., concur.