## BOOTY et al. v. STATE.

### No. 9112.

Court of Civil Appeals of Texas. Austin.

Feb. 26, 1941.

Hazel & Ruhmann, of Alice, for appellants.

Gerald C. Mann, Atty. Gen., and Pat M. Neff, Jr., and Geo. W. Barcus, Asst. Attys. Gen., for appellee.

BLAIR, Justice.

This litigation arose as follows: In 1922, E. F. Booty and his wife, Gertrude Booty, owned as community property approximately 878 acres of land in Jackson County, Texas. E. F. Booty died in 1922, leaving surviving him his wife and their two children, who are appellants in this case. In 1932 there was due to the state, county, and other taxing units a total tax of $5,417.90 against the land; and suit was brought to foreclose the tax lien, as provided by Art. 7326, R.S. 1925. On October 12, 1932, judgment was rendered foreclosing the tax lien; and on February 7, 1933, after proper notice of sale as required by Art. 7328, R.S. 1925, the land was sold to the State of Texas for the amount of the taxes. That is, there were no individual bidders for the

property at the sale, and under the provisions of Art. 7328 the sheriff bid the property in for the State of Texas for the amount of taxes due. The land was not redeemed within the two years prescribed by law, and in May, 1935, after proper notice, the Sheriff of Jackson County, as provided by Art. 7328, sold the property in several pieces to several purchasers, for a total of $7,450, out of which amount he paid the taxes to the various taxing units of the state, as provided for in the judgment, and sent the balance thereof, $2,032, to Charley Lockhart, State Treasurer, as provided by the statute.

Appellants filed this suit to recover from the State of Texas the sum of $2,032, upon the theory that the money had gone into the State Treasury, and under the provisions of the first part of Art. 7328, which provides that where the property is sold in the first instance to private bidders for more than the amount of the taxes due, anyone claiming same shall make proof of his claim to the satisfaction of the State Treasurer within three years after the sale of said land, after which time the same shall be governed by the law regulating escheat. The state filed a plea of limitation, a general demurrer, and a general denial. On the trial, the facts showed the sale of the land to the state because there were no bidders; that it was not redeemed within two years, and that the money derived from the second sale in excess of the taxes was paid to the State Treasurer sometime in 1935; and judgment was that appellants take nothing by their suit.

The sole question in the case involves a construction of Art. 7328, and the two methods of sale of property for taxes therein provided. The first method provides that where there are bidders for the property and it is sold for more than the amount of the taxes, the excess shall be deposited with the clerk of the court pending the two-year period for redemption of the land by the owner, to be disposed of by the judgment; that unless it is redeemed within that time, then the clerk shall deposit the excess with the State Treasurer, who shall hold it in trust to be paid to the owner against whom said taxes were assessed, provided such owner or the one claiming the same shall make proof of claim to the satisfaction of the Treasurer within three years after the sale of the land, after which time the fund is subject to the law of escheat. This first method of sale was not used in the instant case because there were no bidders; and under the second method of sale provided, the sheriff bid the land in for the state for the amount of all taxes due the state and the other taxing units. The property was not redeemed within two years, as required by the statute, and the sheriff sold the land as required by the statute and sent the $2,032 in the suit to the State Treasurer, as directed by the statute. The sheriff on the first sale of the land executed a deed to the state, which was duly recorded in the county where the land was sold. On his second sale of the land to individuals, after the expiration of the two years' redemption period, he properly executed deeds to the various purchasers thereof. Having sold the land to the state in the first instance, and it not having been redeemed within the two years provided by law the land became the property of the state prior to the second sale of it, and the excess for which it was sold was the property of the state under the express terms of the statute; and the trial judge rendered the only judgment that he could have rendered under the evidence by denying appellants any recovery.

Appellants seem to confuse the first provision of the statute, which provides that where the property is sold at the first sale to private individuals for more than enough to pay the taxes, the excess shall be retained by the clerk for the period of redemption subject to the orders of the court rendering the judgment, with the second method of sale to the state when there are no bidders, contending that after the period of redemption of two years has expired, then the clerk shall transmit the excess to the State Treasurer, subject to be paid to the rightful owners filing proper claims with the State Treasurer within three years after the sale; and that after that time the fund is controlled by the laws relating to escheat. These provisions of the statute have no application to the undisputed facts in this case. There were no private bidders at the first sale and the property was bought in for the State of Texas. It was not redeemed within the two years provided by law, and the title of the state to the property became absolute. The property was then sold by the sheriff for the state, and after paying the amount of taxes due the local taxing units, the balance of the money was sent to the State Treasurer in accordance with law, which sum belonged to the state; and no provision is made for any further claims to be filed

218

with regard to any excess over the taxes which may have been due the state and local subdivisions. No such provision is necessary, because the state simply sold its own land and was entitled to the entire proceeds of the sale.

Under this view of the case, the limitation question raised has no application and need not be discussed. The judgment of the trial court is affirmed.

Affirmed.