

# THE ATTORNEY GENERAL
## OF TEXAS



GROVER SELLERS      AUSTIN 11, TEXAS

ATTORNEY GENERAL

Mrs. Artie M. Fultz
County Attorney, Grimes County
Anderson, Texas

Dear Mrs. Fultz:

        Opinion No. 0-6000
        Re: Disposition of excess funds
            received from a sale of real
            estate by the State of Texas
            which was formerly bought in
            at a tax sale by the State and
            the sale by the State being
            made after the expiration of
            the two-year redemption
            period.

      Your letter of May 1, 1944, requesting the opinion of this department on the question stated therein is as follows:

      "I submit for your determination the following question and statement of facts:

      "Statement of Facts: After the expiration of two years from the sale of a tract of land to the State of Texas, the Sheriff of Grimes county sold the land for a price in excess of the amount of the judgment and costs.

      "Question: What disposition should be made of excess funds from a sale made after the expiration of the two-year redemption period?

      "This identical question appears to have been answered by the Attorney General's Department in Opinion No. 0-3729 to the effect that the excess should be distributed pro rata among the several taxing units. However, Article 7328 Revised Civil Statutes, 1925, as amended, recites that the excess should be sent to the State Treasurer.

      "Opinion No. 0-3729 is predicated on Section 9 of Article 7345b, and there does not appear therein any express provision about what to do with the excess.

"The Case of Booty et al v. State, 149 S. W. (2) 216, (Civ. App.) is directly in point, and the holding there is that the excess should be turned over to the State Treasurer.

"In view of the fact that there are two statutes relating to the question, I will be very obliged if you will render an opinion clarifying the same."

We have carefully considered your request in connection with the authorities cited therein, and our Opinion No. O-3729. Article 7345b, Vernon's Annotated Civil Statutes, was enacted by the 45th Legislature, Regular Session, 1937, Senate Bill No. 477, page 1494-a, Chapter 506. In Opinion No. O-3729 this department ruled on a question identical with the one presented in your inquiry. After quoting a portion of Article 7345b, it was said:

"The above quoted article directs the Sheriff to take the proceeds from the sale and to first pay all costs and then to distribute the remainder among the taxing units participating in the original judgment pro rata and in proportion to the amount of their respective tax liens established in the tax judgment against the property. We believe this is the method to be followed in the distribution of the money realized at the second sale regardless of whether the money received at said second sale is insufficient to satisfy all costs and the amount of the original judgment or whether said amount is in excess of the costs and the amount of the original judgment."

Section 9 of Article 7345b, Vernon's Annotated Civil Statutes, provides in part:

"* * * The sheriff shall apply the proceeds from such sale, first, to the payment of all costs in said unit and all costs and expenses of sale and resale and all attorney's fees and reasonable expenses taxed as costs by the Court in said suit and shall distribute the balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment."

We have carefully considered the case of Booty, et al, v. State, 149 S. W. (2d) 216, and it is noted that this suit was filed in 1932 as provided by Article 7326, Vernon's Annotated Civil Statutes, and that on October 12, 1932, judgment was rendered foreclosing the tax lien; and on February 7, 1933, after notice of sale as required by Article 7328, Vernon's Annotated Civil Statutes, the land was sold to the State of Texas for the amount of the taxes.

Mrs. Artie M. Fultz, page 3 (0-6000)


Assuming for the purposes of this opinion that the tax suit and sale of the tract of land in question was subsequent to the effective date of Article 7345b, Vernon's Annotated Civil Statutes, the tax suit and sale was in accordance with the provisions of said statute. This being true, the case of Booty, et al v. State, supra, has no application to the question under consideration, as this case was instituted long prior to the effective date of Article 7345b, supra. Therefore, we are constrained to adhere to our former ruling contained in Opinion No. 0-3729.

Yours very truly

APPROVED MAY 10, 1944

ATTORNEY GENERAL OF TEXAS

/s/ Geo. P. Blackburn

ACTING ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:EP:LM

APPROVED
OPINION
COMMITTEE
BY /s/ O.S.
CHAIRMAN