LESMEISTER, Respondent v. DEWEY COUNTY et al., Appellants

(60 N. W.2d 216)

(File No. 9343. Opinion filed September 25, 1953)

138

**P. M. Burns,** Timber Lake, for Plaintiff and Respondent.

**W. M. Potts and I. F. Bormann,** Mobridge, for Defendants and Appellants.

ROBERTS, P. J.   This is an appeal by defendants from a judgment in an action brought to quiet title to a quarter of land in Dewey county.   The county acquired the property through tax sale proceedings and then sold it to the plaintiff.   The controlling question is the validity of the tax deed issued to the county on August 6, 1940, based on a tax sale certificate dated December 16, 1935, the tract having been sold as the property of Gordon W. Cronen for unpaid taxes for the year 1934.   James R. Grace having obtained soon after the commencement of this action a quitclaim deed to the premises from Cronen was by stipulation made a party defendant.

SDC 57.1119, in effect at the time of the issuance of the tax deed, provides that "If real porperty sold for taxes be not redeemed * * * the owner or holder of the tax sale certificate may conduct or cause to be conducted, proceedings to procure a tax deed thereon, as follows: * * The notice shall be served upon the owner of record of the real property so sold, upon the person in possession thereof, and also upon the person in whose name the same is taxed and upon the mortgagee named in any unsatisfied mortgage then in force upon such real property of record in the office of the register of deeds of the county in which the same is located * * *. Personal service of such notice in the manner provided by law for the service of summons shall be made upon such of the above mentioned persons as reside within the state, but when any of such persons are nonresidents of the state, such notice may be served upon such nonresidents by publishing such notice once a week for three successive weeks in some

newspaper printed in the county where the real property is situated, and if no newspaper is printed in such county, in the nearest legal newspaper printed in the state, and in addition to such service by publication the holder of such certificate shall cause to be sent to the persons so served a true copy of such notice through the United States mails, properly addressed, **to the last known address of each of such persons,** and the notice to the mortgagee or his assignee shall be directed to such mortgagee or assignee to his address as the same appears in the mortgage of record, or in the assignment thereof, and such notice shall be sent by registered mail with all proper postage prepaid."

Prior to the issuance of the tax deed to the county notice of intention to take tax deed directed to Gordon A. Cronen was published for three successive weeks in the Isabel News, a weekly newspaper printed and published in Dewey county. The middle initial was incorrect. The affidavit of completed service recites that said Cronen is a nonresident and that his address is unknown. The address of such record owner appearing from the duplicate tax receipts for the years 1929 to 1933 was Pierre, S. D. The printed tax receipts contained a blank space for the address of the taxpayer.

■ This court has repeatedly held that failure to serve notice of intention to take a tax deed is a jurisdictional defect and an action to set aside the deed for that reason is not barred by the three-year statute of limitations. Parker v. Norton, 71 S.D. 506, 26 N.W.2d 453, and cases cited. The statute provides for process upon a nonresident by the publication and serving of notice by which the owner and other persons in interest are foreclosed of their right to redeem from the tax sale. The mailing of a copy of notice is a statutory requirement in the service of notice and failure to comply with the statute in this respect constitutes a jurisdictional defect.

■ When a county is the holder of a tax sale certificate, proceedings to take a tax deed are under the control of the county treasurer. The question here is whether under the statute it was incumbent upon the treasurer to take notice of the address of the record owner appearing in the duplicate tax receipts and to mail a copy of the notice to the record

owner at such address. On behalf of the plaintiff, it is argued that there is no evidence offered as to the address of the record owner after issuance of the tax receipt in May 1934, six years before commencement of the proceeings to take tax deed, and that it is evident that the address shown in the duplicate tax receipts was not the address of the record owner at the time of the commencement of the proceedings to take a tax deed. He was then admittedly a nonresident of the state. The statutory requirement was not that notice be mailed to each of the persons named in the statute if their addresses were known, but that notice be mailed to the "last known address". The address of the owner of record and in whose name the property was taxed appeared on the records regularly kept by the treasurer in his office and was readily accessible to him. We think that the address by legal intendment was known to the treasurer. We do not determine whether or not the statute requires the holder of a tax sale certificate to make inquiry and to ascertain a last known address as a matter of fact. We need not otherwise consider the sufficiency of the notice to take tax deed. The attempted service upon the record owner was ineffectual for any purpose and consequently the county did not acquire title to the property.

The judgment appealed from is reversed.

All the Judges concur.