PLOCEK, Respondent v. SIMPSON, Appellant

(63 N. W.2d 262)

(File No. 9405. Opinion filed March 16, 1954)
Rehearing denied April 23, 1954

**Jackson & Krause,** Lemmon, for Plaintiff and Respondent.

**Frank P. Kinney,** Lemmon, for Defendant and Appellant.

SICKEL, J. This action was brought by Frank Plocek, plaintiff, against Alden B. Carr, and others, to quiet title to a quarter section of land in Perkins county. Patent was issued to Grace A. Carr in 1908 and she conveyed to Alden B. Carr, her son, by warranty deed recorded on October 10, 1934. The land was sold for taxes to Perkins county on December 18, 1933, and tax deed was issued to the county on June 29, 1940. Later on October 20, 1941, the land was sold and conveyed by the county to the plaintiff in this action. Judgment was entered quieting the title in plaintiff and defendant Carr, by his guardian ad litem, appealed.

Appellant contends that since defendant Carr was incompetent it was necessary that a guardian ad litem be appointed and that process in this action be served upon the guardian. It appears that personal service was made upon the said defendant in Lake county, Illinois. W. G. Simpson was later appointed guardian ad litem on petition of defend-

ant's attorney. Then counsel appeared for the guardian ad litem and served his answer. Counsel has since appeared for the guardian at all stages of this proceeding. Under these circumstances the method of serving process upon the incompetent defendant is not material.

 The next question presented on this appeal relates to the service of notice of intention to take the tax deed, upon a nonresident owner. SDC 57.1119 provides that such notice shall be served by publication and by mailing a true copy of the notice through the United States mails, properly addressed to the "last known address" of each of such persons, including the owner of record of the property sold. Failure to comply with the statute in respect to mailing is a jurisdictional defect. Lesmeister v. Dewey County, 75 S.D. 137, 60 N.W.2d 216. The deed to Alden B. Carr, defendant, as recorded in the office of the register of deeds, states the grantee's address to be "Lakewood, Michigan". The owner of record is the person who has acquired and holds title to the land by a valid conveyance duly recorded in the office of the register of deeds. Conners v. Lowell, 209 Mass. 111, 95 N.E. 412, Ann.Cas. 1912B, 627. The last deed of record conveyed the land to Alden B. Carr. He never conveyed the land to any one else and he was therefore the owner of record. The address of the grantee, Lakewood, Michigan, as stated in that conveyance, was the last and only known address of the grantee so far as the county treasurer of Perkins county was concerned. The notice of intention to take tax deed was mailed to that address. It now appears that the address so stated in the deed was a village or resort community and at one time had a post office which was discontinued prior to the mailing of the notice involved in this action. The notice was returned to the sender by the post office department. Under these circumstances appellant contends that it was the duty of the county treasurer to use due diligence in an effort to find the then address of the record owner, but we find no such duty imposed upon the treasurer by the statute. Counsel refers to SDC 33.0812 but that statute applies only to civil actions.

The judgment quieting title in plaintiff is affirmed.

All the Judges concur.