OOSTERWYK, Appellant, v. MILWAUKEE COUNTY, Respondent.

*June 6—July 1, 1966.*

For the appellant there was a brief by *David L. Walther,* and oral argument by *Thomas A. Plein,* both of Milwaukee.

For the respondent there was a brief by *Robert P. Russell,* corporation counsel, and *Joseph J. Esser,* assist-ant corporation counsel, and oral argument by *Mr. Esser.*

GORDON, J.   Mr. Oosterwyk grounds his claim against Milwaukee county on his belief that property received by the county pursuant to a tax deed and subsequently sold at a profit by the county gives a right to the former owner on the theory of unjust enrichment.

Mr. Oosterwyk owned land in Milwaukee county upon which were located certain sheds which were ordered razed. The cost of the razing resulted in the imposition of a $1,500 lien on the land. An action was commenced in 1953 contesting the reasonableness of the $1,500 lien, and this court affirmed a jury determination that the sum was reasonable. *Oosterwyk v. Milwaukee* (1959), 7 Wis. (2d) 160, 96 N. W. (2d) 372.

When the lien was not paid, the county obtained a tax certificate based on the amount of the lien, interest and other charges in accordance with sec. 74.44, Stats. Mr. Oosterwyk failed to exercise his right of redemption within the three-year period specified in sec. 74.46, and on April 2, 1958, Milwaukee county received the property via a tax deed.

The county commenced an action in circuit court on April 28, 1958, under sec. 75.39, Stats., for the purpose of quieting title and barring the former owners, including Mr. Oosterwyk, from all right, title and interest in the lands. A default judgment was entered on September 11, 1958, determining that Milwaukee county was the owner in fee simple of this land and that Mr. Oosterwyk and others were forever barred from all interest therein.

Mr. Oosterwyk filed a claim against the county in 1961 for the recovery of $11,572.85, which he alleged to be the value of the property. This claim was denied by resolu-tion of the Milwaukee county board on June 27, 1961.

The present action was commenced on February 18, 1964, the complaint alleging that the county was unjustly

enriched in the amount of $20,000, which is the profit claimed to have been realized by the county on the sale of the land formerly owned by Mr. Oosterwyk.

The answer of Milwaukee county included an affirmative defense that the claim was barred under sec. 59.76 (2), Stats., because it was not commenced within six months after the denial of his claim by the Milwaukee county board.

The county moved for summary judgment, which was granted, and judgment in favor of Milwaukee county was entered on March 22, 1965. It is from such judgment that this appeal has been taken.

The plaintiff receives no support for his position from the relevant statutes. Ch. 75, Stats., contains the several legislative pronouncements concerning the question of title to land in relation to unpaid taxes. By virtue of secs. 75.14 (1) and 75.36 (2), a county is given an "absolute estate in fee simple in such land subject, however, to all unpaid taxes and charges which are a lien thereon."

Ch. 75, Stats., appears to make no provision whatsoever for distribution of a surplus upon sale of land as to which a county had obtained a tax deed. Sec. 75.36 (8) provides for the proration of the proceeds of sale "between the remaining nonoutlawed municipally owned taxes outstanding on the date the tax deed was taken," but it does not direct payment of any surplus remaining after the payment of the taxes.

Since the statute does not provide for the distribution of any surplus, does it follow that the former owner is entitled to it? The plaintiff claims that it should be his on an unjust enrichment theory. The elements to prove a claim of unjust enrichment have frequently been asserted by this court. *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. (2d) 434, 134 N. W. (2d) 430; *General Accident Fire & Life Assur. Corp. v. Bergquist* (1961), 15 Wis. (2d) 166, 111 N. W. (2d) 900; *Home Savings Bank v. General Finance Corp.* (1960), 10 Wis. (2d) 417, 103 N. W. (2d) 117, 81 A. L. R. (2d) 580; *Arjay Invest-*

*ment Co. v. Kohlmetz* (1960), 9 Wis. (2d) 535, 101 N. W. (2d) 700.

When a county sells land for a sum greater than the amount of the liens and retains such excess, it is obvious that the county benefits thereby, and it is probable that the county is fully aware of the benefit thus conferred upon it. However, it cannot be said that the county's retention of such benefits is inequitable, and thus one of the elements for a successful action in unjust enrichment is not present in the case at bar. "Equity," said CARDOZO, "does not act for every shadowy or unsubstantial wrong." *Nann v. Raimist* (1931), 255 N. Y. 307, 319, 174 N. E. 690.

In our opinion, a former owner such as Mr. Oosterwyk is not entitled to any surplus unless the legislature chooses to provide therefor. The result that we reach is directly supported by a recent decision of the Massachusetts court. In *Kelly v. Boston* (1965), 348 Mass. 385, 386, 387, 204 N. E. (2d) 123, a comparable issue was presented. There, too, the statute was silent as to the disposition of the surplus, and the plaintiff argued that "in equity and good conscience such surplus belongs to the taxpayer." The court, however, dismissed the plaintiff's claim, stating, at page 389:

"Manifestly on any theory of 'equity and good conscience' a municipality has no power to pay out money whenever there may be a surplus after a sale of real estate following foreclosure of a tax title. Such disbursements without statutory authority would be wholly voluntary. Owing to the somewhat nebulous basis of such a claim the assertion of the supposed right would be subject to no limitation of time. It might be in the indefinite future. Also the supposed right conceivably would arise immediately upon foreclosure whenever the fair market value of the real estate either shows, or can by testimony be made to show, a surplus on paper. There would be no fund from which the amount could be withdrawn. If there should be a remedy for someone in the plaintiff's position, the matter rests in the legislative domain."

As a result of having taken a tax deed under the statutory process of ch. 75, Stats., the county became the owner of the property in fee. The action to quiet title barred any claim on the part of Mr. Oosterwyk. As a result, the county was free to sell the property at its pleasure. We perceive no basis in equity to hold that if the property is subsequently sold at a profit it is the former owner who is entitled to enjoy such excess.

A similar point of view is expressed by the Texas court in *Booty v. State* (Tex. Civ. App. 1941), 149 S. W. (2d) 216, 217, where the court stated:

"There were no private bidders at the first sale and the property was bought in for the State of Texas. It was not redeemed within the two years provided by law, and the title of the state to the property became absolute. The property was then sold by the sheriff for the state, and after paying the amount of taxes due the local taxing units, the balance of the money was sent to the State Treasurer in accordance with law, which sum belonged to the state; and no provision is made for any further claims to be filed with regard to any excess over the taxes which may have been due the state and local subdivisions. No such provision is necessary, because the state simply sold its own land and was entitled to the entire proceeds of the sale."

Comparable reasoning was utilized to deny a former owner's claim in *Susman v. Escambia County, Fla.* (5th Cir. 1951), 190 Fed. (2d) 809, 811. See also *Longview Co. v. Cowlitz County* (1939), 1 Wash. (2d) 64, 72, 95 Pac. (2d) 376.

We are convinced that in the absence of a legislative direction Mr. Oosterwyk is not entitled to the surplus in this quasi-contract action. In view of this conclusion, it is unnecessary for us to consider whether the plaintiff's action was barred by the operation of sec. 59.76 (2), Stats.

*By the Court.*—Judgment affirmed.