[L.A. No. 31014. Mar. 20, 1979.]

BRUCE H. KAUFMAN, Plaintiff and Appellant, v.
GROSS & COMPANY, INC. et al., Defendants and Respondents.

COUNSEL

Jonesi & Folinsky and Barry M. Folinsky for Plaintiff and Appellant.

Burt Pines, City Attorney, Norman L. Roberts, Assistant City Attorney, James T. Adams, Deputy City Attorney, William Larr, J. N. Laichas and Michael Matlaf for Defendants and Respondents.

OPINION

MANUEL, J.—Plaintiff Bruce H. Kaufman appeals from orders of dismissal (see Code Civ. Proc., §§ 581d; 904.1, subd. (a)) entered after the trial court sustained, without leave to amend, the demurrers of defendants Gross & Company, Grorog & Company, and the City of Los Angeles to his first amended complaint for declaratory relief, unjust enrichment, "enforcement of civil rights," and to quiet title.

Plaintiff herein derives his claim of title to the property in question from a grant deed, dated October 9, 1975, executed in his favor by one James C. Cochran, who had previously obtained title at a trustee's sale occurring on September 2, 1975. Defendants Gross & Company and Grorog & Company (Gross and Grorog) base their claim to the same property on a deed, dated December 26, 1975, executed in their favor by the Treasurer of the City of Los Angeles (treasurer) following foreclosure of a street lighting assessment lien pursuant to the provisions of the Improvement Act of 1911 (Sts. & Hy. Code, § 5000 et seq.). It is conceded

that defendants' claim of title must prevail unless, as plaintiff contends, the treasurer's deed is shown to be invalid due to alleged "jurisdictional" defects in the proceedings leading to its issuance. (See Sts. & Hy. Code, § 6555.)[1] As we explain below, we have concluded that the instant action, insofar as it seeks a declaration that plaintiff is the owner of the subject real property and that the treasurer's deed is void and of no effect, was properly held by the trial court to be barred by the provisions of section 6571, providing that an action attacking the validity of a treasurer's deed must be commenced within six months after the issuance thereof. We have also concluded, however, on the basis of facts stated in the subject complaint, that plaintiff may be able to amend his complaint to state a cause of action under section 871.1 et seq. of the Code of Civil Procedure, relating to certain improvements made by him on the property in question. Because it appears that no relief is sought against the defendant City of Los Angeles on this latter basis, we therefore affirm the order of dismissal entered in favor of the city but reverse the order of dismissal entered in favor of defendants Gross and Grorog with appropriate directions to the trial court for further proceedings.

I

The facts, as they appear from the complaint and from matters in the record of which we take judicial notice (Evid. Code, § 452, subd. (d); see Code Civ. Proc., § 430.30, subd. (a)), are in substance as follows: At some time prior to June 13, 1974, payments due under a street lighting bond representing a lien against the property here in question became delinquent. On the indicated date the treasurer, pursuant to the provisions of section 6501, caused a notice of delinquency and sale to be mailed to one Fred Jenkins, who was the person appearing as the owner of the property in the county assessor's records. This notice was not delivered but was returned by the postal authorities marked "unclaimed" and "unoccupied"; the addressee had in fact been dead for several years. Thereupon the treasurer, after duly publishing notice (§ 6503), sold the property to defendants Gross and Grorog,[2] the bondholders, for the amount of the delinquency; the certificate of sale, dated July 8, 1974, was duly recorded on July 22 (§ 6514). However, prior to the issuance of the

---

[1] Hereafter, unless otherwise indicated, all section references are to the Streets and Highways Code.

[2] It is alleged in the complaint that the property was sold to defendant Gross & Company and subsequently transferred to defendant Grorog & Company. It appears that both entities are partnerships composed of the same principals. For convenience we refer to defendants Gross and Grorog collectively.

deed—which under the law could not occur before the expiration of a one-year minimum redemption period (see §§ 6530, 6550, 6551, 6554)—plaintiff's predecessor in interest bought the subject property at a trustee's sale held September 2, 1975, subsequently conveying it by grant deed to plaintiff on October 9, 1975. At some later time, and prior to receiving actual notice of the claim of defendants Gross and Grorog against the subject property, plaintiff undertook improvements and repairs to the property of the value of $10,726.12. The treasurer's deed to defendants Gross and Grorog issued on December 26, 1975.

It is alleged, and admitted for purposes of this proceeding by the demurrer, that neither plaintiff nor his predecessor received actual notice of default in the payments on the street lighting bond or of any of the proceedings which culminated in the issuance of the treasurer's deed.

The instant action was commenced on January 19, 1977.

■ Plaintiff's basic contention is that the treasurer's deed issued to defendants Gross and Grorog was void *ab initio* because the notice of delinquency and sale given pursuant to the provisions of the act (§ 6500 et seq.) was constitutionally deficient under standards of procedural due process. Defendant, however, contends that, as the trial court here concluded, the entire action is barred by the provisions of section 6571, which state: "Any action, suit or proceeding attacking or contesting the validity of any deed issued under the provisions of this division, or the validity of the proceedings subsequent to the issuance of the certificate of sale, must be brought within six months of the issuance of the deed, and if the validity of the deed or of the proceedings is not contested within that six months' period, it shall not thereafter be contested or questioned in any action, suit, or proceeding." Plaintiff takes the position that this statute of limitations cannot operate to bar a proceeding attacking a deed suffering from "jurisdictional" defects rendering it void *ab initio*. Such defects, he further asserts, are here involved. For reasons to appear below, we have concluded that the trial court properly held the plaintiff's claim to be barred by the provisions of section 6571. We need not and do not reach the further question whether the statutory scheme of notice and sale provided for by section 6500 et seq., on its face or as applied in particular factual circumstances not here before us, is consistent with constitutional guarantees of procedural due process.

Our resolution of the basic question before us requires that we briefly review a number of prior holdings of this and other courts. In *Tannhauser*

v. *Adams* (1947) 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], we held that even an alleged "jurisdictional" defect in proceedings underlying a tax deed—there as here, a failure to provide notice—may not be raised after a reasonable statutory period of limitation, at least in circumstances not involving a plaintiff in possession at the time of the tax conveyance. This decision, although it antedated that of the United States Supreme Court in *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652], was followed in a comparable factual setting in *Elbert, Ltd.* v. *Gross* (1953) 41 Cal.2d 322 [260 P.2d 35],[3] the dissenting opinion therein expressly noting the *Mullane* decision and urging that the tax deed proceedings in question were void for lack of due process and could not be barred by the statute, at least where there was no "actual, statutory, or constructive notice." (41 Cal.2d at pp. 332-333.) These cases (*Tannhauser* and *Elbert*), taken together, thus stand for the proposition that a "jurisdictional" defect in tax sale proceedings which arises from a failure of notice—even if such defect be constitutional in stature—may be barred by a reasonable statutory period of limitation in cases wherein the party against whom the statute is raised is not an owner in "undisturbed possession" at the time of such proceedings.

In *McCaslin* v. *Hamblen* (1951) 37 Cal.2d 196 [231 P.2d 1] and *Sears* v. *County of Calaveras* (1955) 45 Cal.2d 518 [289 P.2d 425], we addressed the question left open in *Tannhauser* and *Elbert*—i.e., the effect of possession of the subject property by the party against whom the bar of the statute is raised. In *McCaslin,* a case of particular relevance here, the plaintiffs' predecessor in interest had become delinquent in her taxes and the property was marked sold to the city for nonpayment of taxes prior to the conveyances to the plaintiffs. Following the execution of tax deeds to the city and the plaintiffs' failure to redeem, the lands were deeded to the defendants. A subsequent quiet title action by the plaintiffs, raising certain procedural defects in the tax sale proceedings which we found it unnecessary to discuss, was held to be barred by the provisions of section 175 of the Revenue and Taxation Code, providing in essence that no action to challenge a tax deed to a taxing agency may be brought after one year from the date of the deed. Rejecting plaintiffs' contention that they were owners in possession within the meaning of the *Tannhauser* case and its dicta relating thereto, we pointed out that the asserted "rule

---

[3]In *Elbert* it was the *defendant*, rather than the plaintiff, who was precluded from raising the clear statutory and asserted constitutional defect of notice (there the notice of application for deed required by § 6550). As in *Tannhauser*, the party against whom the bar of the statute was raised was not an owner in undisturbed possession at the time of the tax sale proceedings—a consideration to which we advert below.

of inapplicability of statutory limitation has been said to apply as to owners who because of their possession could not be assumed to have actual knowledge of claims of adverse interest by persons not in possession." (37 Cal.2d at p. 199.) Assuming that such a rule might be applicable to owners in "undisturbed possession," we concluded that "a generalization applicable merely to 'owners in possession' is too broad. The plaintiffs are not the original tax-delinquent owners. They took conveyances from the tax-delinquent owner after sale to the city and subject to the city's rights. They must therefore be deemed to have had knowledge of the city's rights and that successors to those rights might acquire title adverse to them." (*Id.*) The statute of limitation was therefore held to bar the action. (See also *McKenna* v. *Ping* (1951) 105 Cal.App.2d 752, 754-756 [234 P.2d 246].)

In the *Sears* case, *supra,* we sought to further clarify and refine the rules stated by us in *Tannhauser, Elbert,* and *McCaslin.* There an owner who had been in possession during the entire period of delinquency and sale to the state brought an action seeking annulment of the tax deed to the state on various grounds (the character of which we shall have occasion to discuss at a later point in this opinion). In response to the assertion by defendants of the applicable statute of limitations, plaintiff sought to rely on dicta in our earlier decisions indicating that the statute might not run against an owner in "undisturbed possession." We rejected the contention and applied the statute, pointing out in essence that an owner who is *himself* delinquent may not be said to be in "undisturbed possession" because the very fact of his delinquency operates to charge him "with notice that if he claims the invalidity of a tax deed to the state or of the proceedings leading up to it he must bring his action for that purpose within the statutory time." (*Sears* v. *County of Calaveras, supra,* 45 Cal.2d 518, 522.)

We think it appropriate to note at this point, however, that in neither the *McCaslin* nor the *Sears* case does it appear that the defect complained of was "jurisdictional" in any sense. *Sears,* which expressly addresses this matter and to some extent bases its holding upon it, concerned asserted defects which we characterized as "the alleged fraudulent and otherwise overvaluation of the land, the excessive tax rate and sale price, and the sale in block instead of in parcels" (45 Cal.2d at p. 523), none of which defects was in our view "jurisdictional in the sense that the Curative Act of 1943 (Stats. 1943, p. 1993) would not apply; nor is the deed claimed to be void on its face." (*Id.,* at p. 521.) No case of this court, in fact—or of any other appellate court in this state insofar as we are aware—has held

the rule of *Tannhauser* and *Elbert* (holding that even "jurisdictional" defects arising from a lack of notice of proceedings are subject to a reasonable statutory period of limitation) to be applicable in cases involving an owner in possession[4] at the time of all or a part of the tax proceedings. One important question before, therefore, is whether the rule of *Tannhauser* and *Elbert,* whatever its present scope (a matter we address below) is to be applied in the circumstances of this case.

We see no reason why it should not. Even if it be assumed that plaintiff can allege and maintain that he took physical possession of the land and began improvements thereon immediately after its conveyance to him,[5] the fact remains that at the time of such conveyance the certificate of sale to defendants Gross and Grorog for tax delinquency appeared of record having been recorded against the subject property 15 months before the conveyance to plaintiff and 14 months before the conveyance to his predecessor.[6] Indeed it appears that the period of redemption may not have expired as late as the date of plaintiff's deed.[7] In any event it is clear that plaintiff must be charged with constructive notice of the certificate of sale (see Civ. Code, §§ 1213, 1215)—which notice must be deemed to give rise to the knowledge that, under the law, the buyer named therein has the right, in the absence of redemption within a 12-month period from the date of the certificate, to apply for a treasurer's deed to the subject property (§§ 6530, 6550), and that upon the issuance of such a deed the statute of limitations (§ 6571) shall commence running. In these

[4]By an "owner in possession" we mean one who actually occupies and improves land. "[W]hatever may be the rights of an owner in possession, the rule has no application in cases of unimproved and unoccupied land where the only possession is that which is presumed from the fact of conveyance." (*McCaslin* v. *Hamblen, supra,* 37 Cal.2d 196, 199.)

[5]Even though the complaint does not state when plaintiff entered into possession, certain statements made in the briefs of the parties suggest that he did so soon after receiving his deed—and that he could so allege if allowed to file a further amended complaint.

[6]The certificate of sale, executed by the city treasurer and duly recorded by him on July 22, 1974, certified that "on the 8th day of July, 1974, as a result of proceedings for the foreclosure of improvement bond No. 343, Series 5, dated August 14, 1971, for the improvement of 103rd Street, [the] Treasurer of the City of Los Angeles, California, sold to Gross and Company, Inc. the following described lot, piece or parcel of land situated in the City and County of Los Angeles . . . ., described as follows to-wit: [description of property]. The amount paid by said purchaser at said sale was Two Hundred Sixty-Six and 10/100 Dollars ........ ....................................... ...................... . ...........................($266.10)."

[7]Section 6530 provides in relevant part: "A redemption of the property sold may be made by the owner or any party in interest within 12 months from the date of purchase, or at any time prior to the application by the purchaser for a deed." The record does not indicate when defendants Gross and Grorog applied for the deed which was issued on December 26, 1975.

circumstances, then, we see no reason why plaintiff, even if he were to be deemed an "owner in possession" at the time of the issuance of the treasurer's deed, should for that reason be afforded any greater protection against the running of the statute of limitations than is afforded under *Tannhauser* and *Elbert* to one out of possession.

It remains for us to determine the present scope of the *Tannhauser-Elbert* rule in light of certain cases decided in the Courts of Appeal subsequent to the cases of this court to which we have referred.

Plaintiff places heavy reliance on the case of *Paul* v. *Los Angeles County Flood Control Dist.* (1974) 37 Cal.App.3d 265 [112 Cal.Rptr. 274]. There unpaid taxes had become a lien on the subject property in 1920 but nothing was done to enforce the lien until 1951, when the property was deeded to the state. The former owner brought his quiet title action some 18 years later, urging that the applicable 1-year statutes of limitations (Rev. & Tax. Code, §§ 175, 3521) did not constitute a bar because the tax deed was void on its face, the delinquent taxes in question having been "paid" by operation of law prior to its issuance under the provisions of Revenue and Taxation Code section 2195, which state in essence that a tax lien which has not been removed within 30 years of its creation "ceases to exist and the tax is conclusively presumed to be paid."[8] The Court of Appeal agreed, relying on a number of prior Court of Appeal cases dealing with tax deeds based upon liens deemed to be "nonexistent" by the courts—notably *Nutting* v. *Herman Timber Co.* (1963) 214 Cal.App.2d 650 [29 Cal.Rptr. 754] (double assessment) and *Nevada Irr. Dist.* v. *Keystone Copper Corp.* (1964) 224 Cal.App.2d 523 [36 Cal.Rptr. 775] (overbroad deed dealing with property not subject to lien). (See also *Settlors Corp.* v. *City of San Diego* (1967) 254 Cal.App.2d 631 [62 Cal.Rptr. 347] (redemption prior to deed); *Edwards* v. *City of Santa Paula* (1956) 138 Cal.App.2d 375 [292 P.2d 31]; *Estribou* v. *Alma Investment Co.* (1954) 126 Cal.App.2d 61 [271 P.2d 176]; *Alma Investment Co.* v. *Krausse* (1953) 117 Cal.App.2d 740 [256 P.2d 1017] (deed purporting to convey interest not subject to tax proceedings).) *Tannhauser* and *Elbert* were distinguished on the ground that the defect there in question (the failure to give statutory notice), even if it could be termed "jurisdictional" in some sense, was not such that it rendered the deed void—a distinction which finds some support in the earlier cases, notably *Nutting* v. *Herman Timber Co., supra,* 214 Cal.App.2d 650, 656-657 (see also *Cameron Estates* v. *Deering* (1954) 308 N.Y. 24 [123 N.E.2d 621] (double assessment)).

---

[8] In 1976, section 2195 was amended to state that its provisions are not to be applied to property which has been deeded to the state for nonpayment of taxes.

Concluding that the underlying lien in question had been "effectively removed"· by the operation of the then provisions of Revenue and Taxation Code section 2195 (37 Cal.App.3d at p. 276), the court determined that the deed issued in reliance on that lien was wholly void, and therefore could be attacked at any time without reference to the statute of limitations.

We do not find in the *Paul* case the support for his position which plaintiff would have us draw from it. *Paul* and the cases on which it relies deal with situations in which the lien which is the basis of the tax proceedings, and upon which the challenged tax deed is necessarily based, is held to be without legal existence either because it had no basis in fact at the time of its creation or had been removed prior to the deed. We perceive a clear distinction between cases of this kind and cases like *Tannhauser, Elbert,* and the instant case, in which the only claimed defect is one relating to the kind and quality of notice provided to interested parties. There is here no question regarding the factual basis upon which the tax proceedings depended. It is not disputed that payments legally due on a bond relating to the very property here in question became delinquent, and that the lien arising from that delinquency was not removed prior to the issuance of the treasurer's deed. Indeed, unlike in *Tannhauser* and *Elbert,* it is not even contended that the proceedings leading to the issuance of the deed were not in all respects consistent with statutory requirements. The contention, rather, is that those requirements are themselves insufficient to insure the giving of notice consistent with the demands of due process. As *Tannhauser* and *Elbert* make clear, however, such a contention cannot form the basis of an attack on an otherwise valid tax deed following the expiration of a reasonable statutory period of limitation[9]—at least in a situation not involving an owner in possession lacking any reasonable means of alerting himself to the tax proceedings affecting his property. Here, as we have pointed out, plaintiff was not without such means—the certificate of sale being of record at the time he received his deed and took possession. In these circumstances we believe that the rule of *Tannhauser* and *Elbert* must

[9]As we have pointed out above, the *Elbert* case was decided subsequent to the decision in *Mullane* v. *Central Hanover Tr. Co., supra,* 339 U.S. 306, and the effect of the latter case in the premises was clearly considered by us. As suggested above (see text accompanying fn. 3 *ante*) our holding there was that defects of the type here considered, even if they can be said to involve constitutional interests of the type in question in *Mullane,* were nevertheless subject to the operation of reasonable statutes of limitation. As noted above, we express no present opinion on the question whether the notice provisions of the Improvement Act of 1911, if challenged in a timely fashion under appropriate facts, would be found consistent with present constitutional demands. (See *Merchants' Trust Co.* v. *Wright* (1911) 161 Cal. 149, 151 [118 P. 517].)

apply, precluding the maintenance of the instant action insofar as it constitutes an attack on the validity of the treasurer's deed or the proceedings upon which it was based.

## II

■ Although we have concluded that plaintiff is barred by the provisions of section 6571 from attacking the validity of the treasurer's deed or the proceedings underlying it, we believe that certain allegations of the complaint, although inartfully drafted, may well contain the germ of a cause of action under section 871.1 et seq. of the Code of Civil Procedure, relating to good faith improvers of property owned by another. We have determined that plaintiff should be afforded the opportunity to now state such a cause of action if he can do so.

Plaintiff's original complaint, filed January 19, 1977, alleges inter alia that during the period plaintiff was in possession of the subject property "he improved said property expending the sum of $10,726.12." It is also alleged that he had no actual notice of the treasurer's sale to defendants Gross and Grorog.

Plaintiff's first amended complaint, the sufficiency of which is now before us, provides further detail on the matter of improvements undertaken by plaintiff. In addition to the foregoing allegations it is stated that representatives of defendants Gross and Grorog, "prior to notice by said defendants to plaintiff of defendants' claim of an interest in the property and prior to the initiation of this action, viewed, observed, and were aware of, construction, repair, renovation, and remodeling work done to the subject premises as said work was being done by plaintiff. . . [but] did not inform plaintiff . . . of their claim to right of title and possession of said property during the pendency of said work and withheld information of such claim from plaintiff . . . and allowed plaintiff . . . to continue and complete said repair, remodelling, renovation, etc., with the intent and purpose of deceiving plaintiff, and all to the detriment of plaintiff and his damages in the sum of $10,726.12." Although this complaint goes on to tie the matter of unjust enrichment to that of the validity of the deed—alleging that if the treasurer's deed "be allowed to stand, defendants will be unjustly enriched, in that they will obtain property of the value of $23,000.00 and improvements and repairs of the value of $10,726.12, for the sum of $267.00"—and although the matter of improvements is nowhere mentioned in the prayer, the court is

requested to grant "such other and further relief as to the Court may seem meet and proper. . . ."

We find in these allegations a slender but nevertheless discernible request on the part of plaintiff that any relief granted to him include a consideration of the efforts and funds expended by him in improving the subject property in the belief that it was his own. In light of the broad equitable purposes of section 871.1 et seq. of the Code of Civil Procedure, contemplating the achievement of substantial justice between the parties in cases involving the improvement of nonowned property (see generally, Cal. Law Revision Com. and Assem. Legis. Committee com. foll. Code Civ. Proc., §§ 871.1-871.7), we think it appropriate in the circumstances of the instant case that plaintiff be afforded the opportunity to avail himself of whatever relief may be available to him under those provisions. In so determining we express no present opinion on the question whether, in light of all of the facts and circumstances to be developed in the course of further proceedings, plaintiff is to be considered a "good faith improver" within the meaning of section 871.1 of the Code of Civil Procedure. Nor do we address at this time and in light of the present record the separate and legally prior question whether relief should be foreclosed to him under the limitations provision set forth in section 340 of the same code.

The order of dismissal pertaining to defendant City of Los Angeles, filed on June 20, 1977, is affirmed. The order of dismissal pertaining to defendants Gross & Company and Grorog & Company, filed on the same date, is reversed. The trial court is directed to undertake further proceedings pursuant to this opinion. Plaintiff shall bear his costs on appeal and those of defendant City of Los Angeles. Defendants Gross & Company and Grorog & Company shall bear their own costs.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.

Appellant's petition for a rehearing was denied May 16, 1979.