CITY OF ANCHORAGE and Greater Anchorage Area Borough, a/k/a Anchorage, A Municipal Corporation, Appellant,

v.

Justine THOMAS, Appellee.

No. 4621.

Supreme Court of Alaska.

Jan. 23, 1981.

Richard A. Weinig, Asst. Municipal Atty., Theodore D. Berns, Municipal Atty., Anchorage, for appellant.

Ty R. Settles, Eckert, Kalamarides & Associates, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

This case presents the issue of whether a municipality may retain proceeds from a

tax foreclosure sale in excess of the amount owed by the property owner in taxes, interest and costs.

Justine Thomas owned real property in Anchorage from which she received a modest income. The Greater Anchorage Area Borough [1] received a judgment for delinquent taxes on the property in April of 1974. The property was sold at a tax foreclosure sale on November 1, 1975, for $15,000. The total amount which Mrs. Thomas owed the Borough, including interest, costs and attorney's fees was $3,815. Mrs. Thomas brought a claim in the superior court for the amount received by the Borough from the property sale, over and above the $3,815. The superior court awarded judgment in favor of Mrs. Thomas, ruling that AS 29.53.380, as it existed in 1975, required the Borough to return any proceeds resulting from the foreclosure sale which exceed the amount of taxes, penalty and interest owed by the former property owner.

AS 29.53.380, as it existed in 1975, read: "*Proceeds of tax sale.* Upon sale of foreclosed real estate or personal property the borough or city shall divide the proceeds less cost of collection, between the borough and city having unpaid taxes against the property. The division is in proportion to the respective municipal taxes against the property at the time of foreclosure."

The municipality contends that the term "proceeds" refers to the entire amount received from a foreclosure sale, and that the statute does not require the refund of sale proceeds in excess of taxes, interest and costs to the former owner. Mrs. Thomas contends that the statute only provides for distribution of that amount due in taxes, interest and costs, and does not speak to the question of who should receive any excess proceeds from a tax sale. In the absence of express statutory authority permitting the municipality to retain funds in excess of the lien amount, Mrs. Thomas urges that basic principles of equity and justice demand that surplus proceeds be returned to the original property owner.

Although not free from ambiguity, we think that former AS 29.53.380 was only intended to provide for the distribution of the amount owed in unpaid taxes, interest and costs. The first sentence of the statute simply provides that the proceeds from the foreclosure sale shall be used to pay delinquent taxes against the property owing to the borough and city. The second sentence providing for the distribution of the proceeds in proportion to the respective taxes against the property, could be read to apply in situations where the amount received from the property exceeds the amount of tax as it does here. It is just as possible, however, that this sentence was added to cover situations where the unpaid taxes exceed the value of the property, so that the city and the borough would share proportionately in the loss.

In 1977, the legislature amended AS 29.53.380 to provide for the recovery of excess sale proceeds by the former record owner.[2] It is, of course, often debatable

1. The Greater Anchorage Area Borough is the governmental predecessor to the Municipality of Anchorage.

2. AS 29.53.380 now provides:
"*Proceeds of tax sale.*
(a) Upon sale of foreclosed real or personal property the borough or city shall divide the proceeds less cost of collection, between the borough and the city having unpaid taxes against the property. The division is in proportion to the respective municipal taxes against the property at the time of foreclosure.
(b) The former record owner of tax-foreclosed real property which has been held by a municipality for less than 10 years after the close of the redemption period and never designated for a public purpose which is sold at a tax-foreclosure sale is entitled to the portion of the proceeds of the sale which exceeds the amount sufficient to satisfy unpaid taxes, delinquent taxes assessed and levied as if the property had continued in private ownership, penalty, interest and costs of property sold, including costs incurred under § 350(a) of this chapter. If the proceeds of the sale of tax-foreclosed property exceed the total of unpaid and delinquent taxes, penalty, interest, and costs, the borough or city shall provide the former owner of the property written notice advising of the amount of the excess and the manner in which a claim for the balance of the proceeds may be sub-

whether a statutory amendment is meant to effect a change in substance or in form. *Laborers and Hod Carriers Union, Local 341 v. Groothuis*, 494 P.2d 808, 811 (Alaska 1972); 1A C. Sands, *Sutherland Statutory Construction* § 22.30 at 179 (4th ed. 1972). An amendment of an unambiguous statute is generally presumed to indicate a substantive change in the law. Where the original statute is ambiguous, however, a change may be regarded as a legislative interpretation or clarification of the pre-existing law. *Id.*

 It is also an axiom of statutory construction that an ambiguous statute should be construed in the most beneficial way the language will permit to avoid hardship, forfeiture or injustice. *Blackard v. City National Bank*, 142 F.Supp. 753, 757 (D.Alaska 1956); *Helms v. American Security Co.*, 22 N.E.2d 822, 824 (Ind.1939). Thus it was stated years ago that

> "The Court cannot be unmindful of the injustices which may occur from an improper interpretation of terms and must seek, in every instance where the legislature does not speak cogently, to discover that interpretation which best fits with the ordered concepts of justice and equity in the jurisdiction."

*Blackard v. City National Bank*, 142 F.Supp. at 757.

 We have recently recognized the basic injustice inherent in requiring delinquent taxpayers to forfeit the total value of their property far in excess of taxes due.

> "What we are requiring is a fair adjustment or balance between the rights of the municipal government to collect its taxes on the one hand, and on the other, the right of the property owner not to be deprived of property except in a fair and just manner. *The municipality should be*

*interested merely in collecting its fair share of taxes.* But here it is attempting to claim far more. The Wallaces' property, which is the subject of this action, is estimated to be worth approximately $250,000. In exchange for property of such worth, the municipality is willing to write off taxes that amount at the most to a few hundred dollars. *The basic injustice of such a situation is obvious."* (emphasis added).

*Municipality of Anchorage v. Wallace*, 597 P.2d 148, 154 (Alaska 1979). We are naturally reluctant to impute to the legislature an intent to impose a forfeiture unless expressly authorized or absolutely necessary to further a legitimate public interest. The municipality's interest in collecting taxes due can be satisfied without requiring a forfeiture by allowing the delinquent taxpayer to recover the amount received from the foreclosure sale over and above delinquent taxes, interest and costs. In our view, this is what the legislature contemplated under AS 29.53.380 as it existed in 1975, and the 1977 amendment is a reflection of that intent.

 The municipality contends that absent express statutory authorization, there is no basis for recovery of excess proceeds from a foreclosure sale, since all interests of the former owner in the property are completely terminated upon foreclosure.[3] This, however, is not the case. A delinquent taxpayer does retain a degree of interest in tax foreclosed property until the time that it is sold to a third party. Although the municipality receives title to the property when it forecloses for failure to pay taxes,[4] the record owner has a certain period in which to redeem title to the property by

---

mitted. Notice is sufficient under this subsection if mailed to the former owner at his last address of record. Upon presentation of a proper claim, the municipality shall remit the excess for the former record owner. A claim for the excess filed after six months of the date of sale is forever barred."

**3.** We are not unmindful that many courts have taken this position. *See Kelly v. City of Bos-*

*ton*, 204 N.E.2d 123, 125 (Mass.1965); *Booty v. State*, 149 S.W.2d 216, 217 (Tex.Civ.App.1941); *Oosterwyk v. County of Milwaukee*, 31 Wis. 513, 143 N.W.2d 497, 499–500 (1966). We simply do not agree with the result reached in those cases.

**4.** AS 29.53.360.

paying the delinquent taxes plus interest.[5] And by our prior holdings, the former record owner retains an interest in the property even after the period of redemption has passed.[6] *Municipality of Anchorage v. Wallace, supra.* See *Jefferson v. Metropolitan Mortgage & Securities Co.*, 503 P.2d 1396, 1399 (Alaska 1972).

■Therefore, we hold that Mrs. Thomas has a recognizable interest in the foreclosed property and a right to recover any proceeds from the sale in excess of the amount she owed in taxes, interest and costs. In view of this holding, we do not address Mrs. Thomas' contention that AS 29.53.380 violates her rights to due process and equal protection of the laws.[7]

The judgment of the superior court is AFFIRMED.

MATTHEWS, Justice, dissenting.

This case concerns the meaning of AS 29.53.380 as it existed in 1975. That section then read:

> *Proceeds of tax sale.* Upon sale of foreclosed real or personal property the borough or city shall divide the proceeds less cost of collection, between the borough and the city having unpaid taxes against the property. The division is in proportion to the respective municipal taxes against the property at the time of foreclosure.

The question in this case is whether the term "proceeds" as used in the foregoing section refers to all the money received at the tax sale, or only to that portion of the money received which does not exceed delinquent taxes, penalties, interest and costs.

It is a "fundamental principle of statutory interpretation ... that a statute means what its language reasonably conveys to others...." *North Slope Borough v. Sohio Petroleum Corp.*, 585 P.2d 534, 540 (Alaska 1978). In my view, the only reasonable reading of the statute is that the word "proceeds" applies to the total sum received at the sale regardless of whether it is more or less than the delinquent amount. This reading is consistent with the dictionary[1] definition of the word "proceeds,"

> That which results, proceeds, or accrues from some possession or transaction; esp., the amount realized from a sale of property; as, the *proceeds* of a sale, of a year's labor, etc.,

while the majority's construction is not. If the legislature had wished to direct the payment of a portion of the sale proceeds to the former owner, it would have used language indicating this intention.

Cases from other jurisdictions which have interpreted statutes having no specific provision for the distribution of tax sale proceeds support my interpretation. These cases hold, without exception so far as I know, that where a statute does not speak to the question of distribution of proceeds

---

5. AS 29.53.310; AS 29.53.375.

6. This continuing interest was recognized in *Wallace*, 597 P.2d at 151–52:

> "In fact, under subdivision (a) of AS 29.53.-375, the interest which the record owner retains in the property even after the period of redemption has passed is apparent from the fact that if the owner seeks to repurchase his property, he must pay, in addition to other amounts mentioned, the 'delinquent taxes assessed and levied as though it [the property] had continued in private ownership.' AS 29.-53.375(a), *supra* n.4. There certainly would be no point in the city continuing to assess and levy taxes on tax-foreclosed property even after the period of redemption had expired, if the owner was not considered to still retain a recognizable interest in the property."

7. In *Nelson v. City of New York*, 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956), the Supreme Court held that retention of proceeds from a tax foreclosure sale in excess of the amount due in unpaid taxes does not deprive the owner of due process or constitute a taking without just compensation when the delinquent taxpayer failed to timely redeem the property or seek recovery of the surplus.

1. Webster's New International Dictionary of the English Language (2d ed. 1960). The Black's Law Dictionary (4th ed. rev. 1968) definition of "proceeds" is to the same effect:

> Issues; income; yield; receipts; produce; money or articles or other thing of value arising or obtained by the sale of property; the sum, amount, or value of property sold or converted to money or other property.

received in excess of a tax delinquency, the municipality is to remain them. *See Nelson v. City of New York,* 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956); *Coleman v. Scheve,* 367 A.2d 135 (D.C.App.1976); *Kelly v. City of Boston,* 204 N.E.2d 123 (Mass. 1965); *Oosterwyk v. County of Milwaukee,* 31 Wis. 513, 143 N.W.2d 497 (Wis.1966).

For these reasons I would reverse the judgment of the superior court.