**Robert E. REGISTER, Appellant,**

v.

**KENAI PENINSULA BOROUGH,**
**Appellee.**

**No. 7040.**

Supreme Court of Alaska.

July 29, 1983.

---

Phil N. Nash, Kenai, for appellant.

Joseph L. Kashi, Garnett & Kashi, Kenai, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

In this quiet title action Robert E. Register seeks to set aside a tax sale and, alternatively, to obtain the tax sale proceeds in excess of taxes, interest, penalties and costs.

The property in question, which Register and Mabel Zane Jones had formerly owned as tenants in common, was conveyed to the Kenai Peninsula Borough on May 4, 1977 in tax foreclosure proceedings. The Borough, in turn, sold the property to the plaintiff, Dayton Child, on October 26, 1979 for the sum of $7,500.00. Taxes, penalties, interest and costs amounted to $351.64, leaving an excess of $7,148.36.

Child commenced the quiet title action on April 16, 1980, naming Register, among others, as a defendant. Register brought in the Borough as a third party defendant on January 10, 1981, claiming that he had not received requisite constitutional and statutory notice. The court granted summary judgment in favor of the Borough "having found that Defendant failed to assert any claim against Third-Party Defendant Borough within the periods provided by the applicable statutes of limitation, . . . "

The statute of limitations applicable to Register's claim to set aside the deed to the Borough is set forth in AS 29.53.360(d), which states:

> After two years from the date of the deed [from the court to the municipality], its validity is conclusively presumed and any claim of the former owner is forever barred.

The statute of limitations applicable to Register's alternative claim for the excess proceeds is contained in AS 29.53.380(b). It states:

> A claim for the excess filed after six months of the date of sale [from the

municipality to the private purchaser] is forever barred.

In granting summary judgment in favor of the Borough, the court found that genuine issues of material fact existed concerning the question whether Register was given "actual or constructive notice" with respect to the foreclosure and subsequent proceedings. Since for the purposes of reviewing summary judgment disputed issues of fact must be resolved favorably to the party against whom summary judgment was granted,[1] we will assume that Register was not given notice. The question as thus presented is whether the statutes of limitations set forth in AS 29.53.360(d) and .380(b) operate even where notice is not given.

The special limitations statute expressed in section 360(d) has analogs in most jurisdictions.[2] Such statutes are commonly referred to as "short statutes of limitations," apparently in contrast to general adverse possession statutes, which contain longer time periods. Young, *supra* note 2, at 186–87; Annot., 5 A.L.R.2d 1021, 1022 (1949). In some jurisdictions, it has been held that short statutes of limitations are effective even where the tax deed is void because of fundamental defects in the foreclosure, including those of constitutional magnitude. *E.g., Kaufman v. Gross & Co.,* 23 Cal.3d 750, 153 Cal.Rptr. 577, 582, 591 P.2d 1229, 1234 (1979); *Coulter v. Gough,* 80 N.M. 312, 454 P.2d 969, 971 (1969); *Shaffer v. Mareve Oil Corp.,* 157 W.Va. 816, 204 S.E.2d 404, 409 (1974).[3] However, the most common view[4] appears to be that short statutes of limitations are ineffective to preclude a claim of voidness based on fundamental or "jurisdictional" defects, including those regarding the provision of notice. *Wells v. Thomas,*

78 So.2d 378, 382–83 (Fla.1955) (*per curiam opinion on rehearing*); *Chapin v. Aylward,* 204 Kan. 448, 464 P.2d 177, 182 (1970); *Miller v. Murphy,* 119 Mont. 393, 175 P.2d 182, 191 (1946); *Robinson v. Rockett,* 275 P.2d 712, 716 (Okl.1954); *Lesmeister v. Dewey County,* 75 S.D. 137, 60 N.W.2d 216, 217 (1953); *Rast v. Terry,* 532 S.W.2d 552, 555 (Tenn.1976); *Ditmore Land & Cattle Co. v. Kahn,* 302 S.W.2d 145, 146–47 (Tex. Civ.App.1957); *Preston v. Iron County,* 105 Wis.2d 346, 314 N.W.2d 131, 135 n. 11 (1981). *See generally* Young, *supra* note 2; Annot., 5 A.L.R.2d 1021 (1949).

With respect to defects of constitutional dimension we align ourselves with the latter view. It would be fundamentally unfair if a municipality were able to obtain property for unpaid taxes without any notice whatever to the owner. In *Municipality of Anchorage v. Wallace,* 597 P.2d 148 (Alaska 1979), we stated:

> As long as any vestige of ownership resided in the Wallaces, they cannot be divested of it by operation, or process of law, other than that which is "due" them—*i.e.,* by a law which is eminently fair and just according to civilized and decent standards which fairly balance the relationship between the government and those who are governed.
>
> We believe that notice was the Wallaces' due in this case.

*Id.* at 152.

One factor which contributes to the conclusion that taking property for taxes without notice is unjust is the usual discrepancy between the amount owed the municipality and the value of the property. As we stated in *Wallace:*

---

1. *Norman v. Nichiro Gyogyo Kaisha, Ltd.,* 645 P.2d 191, 192 n. 2 (Alaska 1982); *Frantz v. First National Bank of Anchorage,* 584 P.2d 1125, 1126 & n. 5 (Alaska 1978).

2. *See* Young, *The Tax Deed-Modern Movement Towards Respectability,* 34 Rocky Mtn.L.Rev. 181, 186 (1962).

3. We disagree with the Borough's contention that *Hood River County v. Dabney,* 246 Or. 14, 423 P.2d 954 (Or.1967) should be included among these authorities. The court in *Dabney*

expressly held "that all defects in tax foreclosure proceedings are to be deemed nonjurisdictional [and thus subject to the short statute of limitations] unless they deprive the taxpayer of his constitutional right to due process of law." 423 P.2d at 958.

4. Young, *supra* note 2, at 188; Note, *The Current Status of Tax Titles: Remedial Legislation v. Due Process,* 62 Harv.L.Rev. 93, 99 (1948); Annot., 5 A.L.R.2d 1021, 1024 (1949).

The municipality should be interested merely in collecting its fair share of taxes. But here it is attempting to claim far more. The Wallaces' property, which is the subject of this action, is estimated to be worth approximately $250,000. In exchange for property of such worth the municipality is willing to write off taxes that amount at most to a few hundred dollars. The basic injustice of such a situation is obvious.

*Id.* at 154.

We recognize, of course, that in this case we are not being requested to approve a tax foreclosure without notice. What we are asked to countenance is a two year limitations period for challenging such a foreclosure. However, where there has been no notice that the foreclosure has taken place, or no act of dominion by the new owner,[5] the distinction is one that is more formal than real. In either case, the owner loses his property without notice.

 We are not unmindful of the needs of the municipalities to collect revenue efficiently through property taxation. Practically speaking, however, we do not believe that the decision in this case will prove to be a serious impediment to tax collection. For example, whether it eventually loses or wins in this case the Borough will at least be entitled to its taxes and accrued interest. We also acknowledge that there are benefits which flow from secure tax titles that allow foreclosed property to be returned to productive use. We do not believe that today's decision will seriously prejudice these benefits. Avenues of protection exist for a private purchaser of tax foreclosed property who is uncertain about the notice provided by the municipality and who desires a secure title. He can bring an action to quiet title or, if that seems too expensive or otherwise impractical, he can take other steps to convey notice of what has taken place to the former owner. Moreover, the interests of efficient revenue collection and secure tax titles, although legitimate, do not have the same high order of importance under our legal system as the prevention of forfeitures of private property without prior notice.

 Much the same analysis applies to the six month statute set forth in section 380(b) with respect to the excess property proceeds, for such excess is by the terms of section 380(b) the property of the former owner. *See City of Anchorage v. Thomas,* 624 P.2d 271, 273 (Alaska 1981).

We therefore reverse the order of the court granting summary judgment in favor of the Borough and remand this case for further proceedings. Our disposition moots Register's argument challenging the award of costs and attorney's fees.

REVERSED AND REMANDED.

5. Some cases have construed the time limits in short statutes of limitations to begin to run from the time of possession by the new owner. *E.g., Price v. Slagle,* 189 N.C. 757, 128 S.E. 161, 166 (1925); *Kupka v. Reid,* 50 Wash.2d 465, 312 P.2d 1056, 1060 (1957); *see Tannhauser v. Adams,* 31 Cal.2d 169, 187 P.2d 716, 721 (1947).